(No. 36381.—)

STAUFFER REDUCING, INC., Appellant, *vs.* ROY F. CUMMINS, Director of Labor, Appellee.

*Opinion filed January 23, 1962.*

SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, (HOW-ARD P. ROBINSON and ROBERT A. DOWNING, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The Director of Labor determined that the appellant was the employer of certain field representatives under the Unemployment Compensation Act and the circuit court of Cook County affirmed this determination. Appellant seeks a further review of the determination by this court.

Appellant is a distributor of the "Stauffer Home Plan" and "Posture-Rest" apparatus, a unit used to aid in weight reduction. It utilizes the services of field representatives, who contact prospective customers and secure orders for the cash sale, conditional time sale or leasing of the weight-reducing machines. Their sole compensation is derived from commissions earned on sales or leases they procure.

The appellant argues that the service performed by the field representatives is not employment within the meaning of the Illinois Unemployment Compensation Act because the provisions of section 212 of the act, (Ill. Rev. Stat. 1955, chap. 48, par. 322,) have been satisfied. That section, so far as here material, provides that service performed by an individual for an employing unit shall be deemed to be employment unless and until it is proved in a proceeding where the issue is involved that "Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact."

The appellant has a written contract with each of the representatives which provides that the representative is to

follow the program and sales methods and techniques advanced by the Stauffer System and appellant; to refrain from soliciting orders for the Stauffer apparatus in a manner which would bring discredit or injury to the Stauffer System or Stauffer Plan; to energetically and actively promote the sale and distribution of the Stauffer apparatus; to sell at prices established by the Stauffer System; to refrain from making claims of therapeutic treatment or cure or guarantees for the Stauffer Home Plan or the apparatus; to take orders for the apparatus which are subject to acceptance or rejection by the appellant; to make collections from purchasers and immediately forward such funds to appellant; to pay his own expenses and not incur debts on behalf of appellant; and to discontinue the use of the name "Stauffer" in any way upon termination of the agreement. The agreement further provides that the appellant will pay the representative in accordance with a schedule that may be changed by it; that sales material and equipment belonging to appellant will be given to the representative on deposit during the term of the agreement; that the field representative is an individual contractor; and that either party may terminate the contract upon 3 days' notice in writing.

As to the amount of control which will result in a failure to establish the exception of section 212, this court has held that the existence of general control or of the right to general control is sufficient even though the details of the service are left to individual judgment. (*Myers* v. *Cummins,* 9 Ill.2d 582; *Ross* v. *Cummins,* 7 Ill.2d 595; *Murphy* v. *Daumit,* 387 Ill. 406.) Here the written agreement gave appellant control as to the sales methods and techniques to be used, price, form of contract, acceptance of orders, terms of sale, remission of payment; and right to discharge. These factors are substantially the same as those in *Ross* v. *Cummins,* 7 Ill.2d 595, where this court held that there was not such a freedom from control as would satisfy the requirement of subparagraph A of section 212.

It is argued, however, that the requirements in the contract are intended only to give appellant quality control over the product and not physical control over the field representative. While the motivation for placing the requirements of the contract on the representative may have been to control the quality of the product, the fact remains that the field representatives were not free from control or direction under the contract of service within the meaning of subparagraph A of section 212.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*