## MAINE AUTO TEST EQUIPMENT CO., INC.

### v.

## MAINE UNEMPLOYMENT INSURANCE COMMISSION.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 21, 1996.
Decided March 15, 1996.

Michael E. Chubrich, Eldredge, Chubrich & Harrigan, Portsmouth, NH, for Appellant.

Gwendolyn D. Thomas, Assistant Attorney General, Augusta, for Appellee.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and DANA, JJ.

CLIFFORD, Justice.

Maine Auto Test Equipment Co., Inc. (Maine Auto) appeals from the judgment entered in the Superior Court (York County, *Fritzsche, J.*) affirming the decision of the Unemployment Insurance Commission (the Commission) which upheld the Bureau of Employment Security, Unemployment Compensation Tax Division's (the Bureau) determination that Maine Auto is an employer; that sales representatives performing services for or in connection with Maine Auto are employees; and that Maine Auto is

therefore liable, to the extent of the remuneration paid to such sales representatives, for contributions to the unemployment compensation fund. Maine Auto contends, *inter alia*, that the evidence was insufficient to support the Commission's decision that the sales representatives were Maine Auto employees and not independent contractors. Finding no error, we affirm the judgment.

In June 1992, following the end of his relationship with Maine Auto, Ernest Edwards, a former Maine Auto salesperson, filed with the Bureau a request for unemployment insurance benefits, naming Maine Auto as his employer. The Bureau, pursuant to 26 M.R.S.A. § 1082(14) (1988 & Supp. 1995), determined that Maine Auto was an employer and, accordingly, was required to provide unemployment insurance coverage for Edwards, and for each of its sales people. Maine Auto appealed the Bureau's determination to the Commission.

The facts before the Commission may be summarized as follows: Maine Auto, a Maine corporation, is in the business of selling and distributing various types of automotive testing equipment to, among others, garages, automobile dealerships, and automotive body shops. A written contract between Maine Auto and each of its sales representatives provides, *inter alia*, that each sales representative is to be characterized as an "independent contractor;" that no amounts are withheld from their commission checks; and that their income is to be reported as self-employment income. The sales representatives were not provided with office space; they were not contractually prohibited from selling non-Maine Auto products to Maine Auto customers, as long as the same product was not sold by Maine Auto; and they had the discretion to establish the sales price of each product, subject to the condition that the sales price must exceed the wholesale cost. Edwards, himself, developed and paid for a business card entitled "Joe's Automotive Equipment." Maine Auto, however, provided sales leads to all of its sales representatives; established specific geographic sales regions for each representative; handled all of the customer billing; and reserved the right to approve all sales. Moreover, the contract prohibited any sales representative from competing with Maine Auto for a two-year period following termination of their relationship with Maine Auto.

Based on the evidence before it, the Commission determined that the sales representatives were employees within the meaning of 26 M.R.S.A. § 1043 (1988 & Supp.1995), and, accordingly, denied Maine Auto's appeal. Maine Auto sought review of the Commission's decision in the Superior Court pursuant to M.R.Civ.P. 80C. Following a hearing, the court affirmed the decision of the Commission. Maine Auto appeals.

■ When, as here, the Superior Court acts as an intermediate appellate court and reviews an agency decision, we review directly the decision of the agency. *Vector Marketing Corp. v. Unemployment Ins. Comm'n,* 610 A.2d 272, 274 (Me.1992) (citing *Nyer v. Maine Unemployment Ins. Comm'n,* 601 A.2d 626, 627 (Me.1992); *Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n,* 531 A.2d 1262, 1263 (Me.1987)). We will uphold the Commission's factual determinations unless the record before it "compelled a decision contrary to the one that the [C]ommission reached." *Gerber Dental Ctr.,* 531 A.2d at 1263.

■ Maine's Employment Security Law, 26 M.R.S.A. §§ 1041–1051 (1988 & Supp. 1995), defines "employment" to presumptively include all "[s]ervices performed by an individual for remuneration...." 26 M.R.S.A. § 1043(11)(E). This presumption may be rebutted "only by proof of all three prongs of what is commonly known as the ABC test. *Gerber Dental Ctr.,* 531 A.2d at 1263 (citing *Hasco Mfg. Co. v. Maine Employment Sec. Comm'n,* 158 Me. 413, 414–15, 185 A.2d 442 (1962) (emphasis in original)). Here, because Maine Auto does not dispute that its sales representatives perform services for remuneration, it had the burden before the Commission to prove that:

(A) [The sales representative] has been and will continue to be free from control or direction over the performance of [his sales and distribution], both under his contract of service and in fact; and *also*

 

(B) Such service is either outside the usual course of [Maine Auto's] business, or ... is performed outside of all the places of business of [Maine Auto]; and *also*

(C) Each [sales representative] is customarily engaged in an independently established trade, occupation, profession or business.

*Gerber Dental Ctr.*, 531 A.2d at 1263 (emphasis in original); *see also* 26 M.R.S.A. § 1043(11)(E). Maine Auto contends that the Commission erred in concluding that Maine Auto failed to satisfy all three prongs of the ABC test. We disagree.

 To meet its burden on part A, the first prong of the ABC test, it was incumbent on Maine Auto to demonstrate that its sales representatives were free from Maine Auto's control or direction. "Control contemplated by the statute is general control and the right to control may be sufficient even though it is not exercised." *Hasco Mfg.*, 158 Me. at 418, 185 A.2d 442 (citing *Ross v. Cummins*, 7 Ill.2d 595, 131 N.E.2d 521 (1956)). The administrative record supports the Commission's conclusion that Maine Auto failed to show the requisite absence of control. The sales representatives obtained sales leads from Maine Auto; were assigned specific geographic sales regions; did not have authority to transact sales on credit; could consummate sales but always subject to Maine Auto's approval; and could not compete with Maine Auto for two years after terminating their employment. The Commission was not compelled to find that Maine Auto's sales representatives were free from its control or direction.

 Having determined that the Commission was not compelled to conclude that Maine Auto satisfied part A of the test, we need not undertake any further review of the Commission's findings. "The ABC test is conjunctive and the satisfaction of 'one or two, and not all three [elements], leaves the relationship for the purposes of the Act one of "employment." ' " *Vector Marketing*, 610 A.2d at 275 (quoting *Hasco Mfg.*, 158 Me. at 415 (citations omitted); *Gerber Dental Ctr.*, 531 A.2d at 1264).

Maine Auto's further contention that section 1043 is preempted by federal law that defines certain sales representatives as "direct sellers" and does not treat them as employees, *see* 26 U.S.C. § 3508(a) & (b), is without merit. *See generally Standard Dredging Corp. v. Murphy*, 319 U.S. 306, 309, 63 S.Ct. 1067, 1068, 87 L.Ed. 1416 (1943) (exemption of employees from federal statute does not "operate to exempt them from state unemployment insurance taxes.")

The entry is:

Judgment affirmed.

All concurring.