**ALLIED RESOURCES FOR CORRECTIONAL HEALTH**

v.

**MAINE UNEMPLOYMENT INSURANCE COMMISSION.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 20, 1996.

Decided July 30, 1996.

Andrew Ketterer, Attorney General, Margaret P. Moss, Assistant Attorney General, Augusta, for Plaintiff.

Douglas F. Jennings, Jeff Smith & Associates, P.A., Hallowell, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, and RUDMAN, JJ.

GLASSMAN, Justice.

Allied Resources for Correctional Health (ARCH) appeals from the judgment entered

in the Superior Court (Kennebec County, *Alexander, J.*) affirming the decision of the Maine Unemployment Insurance Commission determining that for purposes of the Employment Security Law, 26 M.R.S.A. §§ 1041–1251 (1988 & Supp.1995), ARCH is an employer, the health care personnel performing services for or in connection with ARCH are its employees, and to the extent of the remuneration paid to such employees, ARCH is liable for contributions to the unemployment compensation fund. ARCH challenges the decision of the Commission that the health care personnel are employees of ARCH and not independent contractors. We affirm the judgment.

The record before the Commission may be summarized as follows: ARCH, a partnership formed in 1992, engages in providing medical care services to correctional institutions and has contracts with several separate facilities for the provision of such services. The contracts provide that ARCH will supply the services of a director of jail medical services together with the services of qualified medical doctors, physician extenders, nurses, medical technicians and other health care personnel. The director of jail medical services will assume complete responsibility for the medical services, and ARCH will assure that all its personnel comply with the correctional facilities' policies, rules, procedures and regulations and the Maine Standard of Jails. The correctional facilities will provide a space designed for the jail medical services, office space for the director of the jail medical services, all necessary equipment and supplies, and correctional staff support.

To provide the services to its clients, ARCH has contracts with various health care personnel that provide, *inter alia,* the individuals are independent contractors and must carry their own malpractice insurance, and the individuals will submit to all the rules and regulations of ARCH's clients and such general policies as may be promulgated by ARCH.

Each month ARCH makes available a schedule of hours of needed services, and the individuals fill in the hours they want to work. Any replacement in the schedule is the responsibility of the individual. If no individual appears at the correctional facility at the scheduled time, one of the partners fills in for the scheduled individual. At the end of the month the individuals submit a request for payment based on the schedule and are responsible for payment to or exchange of hours with the individual who has been a replacement.

Pursuant to 26 M.R.S.A. § 1082(14) (1988), the Bureau of Employment Security, Unemployment Compensation Tax Division, notified ARCH in June 1994 that it had determined ARCH to be an employer subject to contribution to the unemployment compensation fund as provided by the Employment Security Law.

Following a hearing on ARCH's appeal, the Commission affirmed the decision of the Bureau. The trial court, after a hearing on ARCH's complaint seeking judicial review of the Commission's decision pursuant to 5 M.R.S.A. §§ 11001–11008 (1989) and M.R.Civ.P. 80C, affirmed the decision of the Commission. From the judgment entered accordingly, ARCH appeals.

"When, as here, the Superior Court acts as an intermediate appellate court and reviews an agency decision, we review directly the decision of the agency." *Maine Auto Test Equip. Co. v. Maine Unemployment Ins. Comm'n,* 679 A.2d 79, 80 (Me.1996) (citations omitted). We will uphold the factual determinations of the Commission unless the record before it compelled a contrary decision. *Id.* (citation omitted).

Although the term "employee" is not defined in the Employment Security Law, section 1043(11) broadly defines "employment" as "any service performed ... for wages or under any contract of hire, written or oral, expressed or implied...." An exemption to this general rule is provided for services performed by individuals who are independent contractors. The test to determine whether an individual is an independent contractor, commonly known as the "ABC test," is set forth in section 1043(11)(E), that provides:

Services performed by an individual for remuneration shall be deemed to be em-

ployment subject to this chapter unless and until it is shown to the satisfaction of the bureau that:

(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact;

(2) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

26 M.R.S.A. § 1043(11)(E).

We have repeatedly stated that the "ABC test" is conjunctive, and unless all three elements are satisfied the relationship for the purposes of the Employment Security Law is that of an employer and employee. *See, e.g., Maine Auto Test Equip.* 679 A.2d at 81; *Vector Marketing Corp. v. Maine Unemployment Ins. Comm'n,* 610 A.2d 272, 275 (Me. 1992); *Gerber Dental Ctr. Corp. v. Maine Unemployment Ins. Comm'n,* 531 A.2d 1262, 1264 (Me.1987).

 To meet its burden as to the first prong of the "ABC test," it is incumbent on ARCH to establish that its health care personnel are free from its control or direction. "Control contemplated by the statute is general control and the right to control may be sufficient even though it is not exercised." *Maine Auto Test Equip.,* 679 A.2d at 80 (quoting *Hasco Mfg. Co. v. Maine Employment Sec. Comm'n,* 158 Me. 413, 418, 185 A.2d 442 (1962) (citation omitted). The record before the Commission supports its decision that ARCH failed to show the absence of its control or direction over the performance of services by the health care personnel. The employment contracts specify the individuals must submit to all rules, regulations and policies of ARCH and its clients. ARCH's medical services director has complete responsibility for the services provided by each individual, and ARCH promulgates a monthly list of hours of service and the locations at which those services are to be pro-

vided. Because the Commission was not compelled to conclude that ARCH satisfied the first prong of the "ABC test," we need not undertake a further review of the Commission's findings.

The entry is:

Judgment affirmed.

All concurring.