1997 ME 36

**Rosemary L. FECTEAU**

v.

**STATE EMPLOYEE HEALTH COMMISSION.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 10, 1997.
Decided March 4, 1997.

Rosemary L. Fecteau, North Yarmouth, for plaintiff.

Andrew Ketterer, Attorney General, H. Cabanne Howard, Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Rosemary Fecteau, widow of Jack Fecteau, appeals from the judgment entered in the Superior Court (Kennebec County, *Calkins, J.*) affirming the State Employee Health Commission's determination that costs incurred for the removal of her late husband's amalgam fillings were not covered by his employee insurance with Blue Cross/Blue Shield of Maine (Blue Cross). Fecteau contends that the commission erred in its determination that coverage did not exist for the removal of the fillings. We affirm the judgment.

[¶ 2] Jack Fecteau was employed by the Maine Department of Human Services and participated in the State Employees Health Insurance Program. Pursuant to 5 M.R.S.A. § 285 (1989 & Supp.1996), Blue Cross contracted with the Commission to provide group medical coverage to State employees. Jack was diagnosed with interstitial lung disease. In 1994, he was advised by Dietrich K. Klinghardt, M.D., that a contributing cause of his disease was an allergic response to mercury in his amalgam fillings and recommended that Jack's amalgam fillings be removed. Jack was advised by Blue Cross that the removal of the fillings would not be covered pursuant to the contract. Nonetheless, Jack had the fillings removed on May 16, 1994.

[¶ 3] He appealed the Blue Cross denial of coverage to the State Employee Health Commission. Following a hearing, an appeals panel concluded that the denial of coverage was appropriate. The panel found that removal of "[a]malgam fillings is not a covered service. Blue Cross also referred to various medical literature. No scientific basis has been established to confirm that removal of amalgam fillings is essential to

health of patient." Jack Fecteau died on December 28, 1994. Rosemary Fecteau, acting on behalf of Jack Fecteau's estate, appealed to the full Commission. She argued that the mercury in the amalgam fillings was toxic and that there were benefits derived from their removal. The full Commission held a hearing on May 23, 1995, and on July 13, 1995, affirmed the decision of the appeals panel. Following the denial of Fecteau's motion for reconsideration, she filed a petition for review in the Superior Court pursuant to M.R.Civ.P. 80C and 5 M.R.S.A. §§ 11001–11008 (1989 & Supp.1996). The court affirmed the Commission's decision, and this appeal followed.

[¶ 4] Fecteau contends that the Blue Cross contract covered the removal of Jack's fillings. In addition, she argues that the removal was a "medical necessity" which also qualified for coverage. She cites authorities to support the proposition that amalgam fillings are toxic, that Jack was allergic to them, and thus, a medical necessity existed. Finally, Fecteau suggests that the removal constituted treatment for an accidental injury to natural teeth.

[¶ 5] "When, as here, the Superior Court acts as an intermediate appellate court and reviews an agency decision, we review directly the decision of the agency." *Maine Auto Test Equip. Co. Inc. v. Maine Unemployment Ins. Comm'n*, 679 A.2d 79, 80 (Me. 1996) (citations omitted). Our review of the agency decision is for "abuse of discretion, errors of law, or findings not supported by the evidence." *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995) (citing *International Paper Co. v. Board of Envtl. Protection*, 629 A.2d 597, 599 (Me.1993); 5 M.R.S.A. § 11007(4)(C) (1989)). "The agency's factual determinations must be upheld unless shown to be clearly erroneous." *Id.* at 371 (citations omitted).

[¶ 6] Fecteau's contentions relate to several portions of the Blue Cross certificate, part of which provides:

**Dental Services** We do not provide benefits for orthognathic surgery, dentistry, dental surgery, or all other services by

dentists or oral surgeons unless specifically listed as covered in the Teeth and Jaw provision.

"Dental service" is defined as a "service provided in connection with the care, treatment, filling, removal, or replacement of teeth or structures directly supporting the teeth." Covered procedures relating to the teeth and jaw do not include fillings. Although one section does provide benefits for "[t]reating accidental injury to natural teeth," another part of the certificate states that Blue Cross "may in certain extraordinary circumstances provide benefits for alternate care that is not listed as a covered service in this contract. We will make our decision based on medical necessity and the cost-effectiveness of ·the alternate treatment."

[¶ 7] Based on these contract provisions, the Commission did not err in its decision. The contract on its face clearly does not provide for the removal of amalgam fillings. In addition, the separate provision providing for the possibility of the provision of benefits for alternate care in extraordinary situations does not apply in this case. The import of the provision is that in extraordinary situations based on medical necessity, the insurer may choose to provide benefits even when they are not listed as covered services. This is done, however, *at their discretion.* Additionally, the medical evidence, at best, was conflicting as to whether amalgam fillings are injurious to an individual.[1] Jack had no *right* to coverage. Moreover, neither the filling nor the removal of the amalgam fillings is an accidental injury to the natural teeth.

The entry is:

Judgment affirmed.

---

1. The American Dental Association statement on *Dental Amalgam states* that amalgam is "a safe and effective restorative material and [it] sees no cause for public concern about either existing or future amalgam restorations."