STATE OF MAINE

CUMBERLAND, ss.

ENESCO GROUP, INC.,

Petitioner

v.

MAINE DEPARTMENT OF LABOR
UNEMPLOYMENT INSURANCE COMMISSION

Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-46

REC - CUM 3/18/2002

**ORDER**

The matter is before this Court on petitioner's M.R.Civ.P. 80C appeal from Maine Unemployment Insurance Commission's declaration that services performed by sales representatives for Enesco constitute employment, and that Enesco is liable for contributions. 26 M.R.S.A. §§ 1043(10), 1043(11)(E) and 1221. Following a hearing on February 5, 2002, the Court affirms the Commission's decision.

*Facts*

Enesco is an Illinois-based company that manufactures and sells giftware, collectibles and home decor items. **R.1.** Todd Johnson was a sales representative who sold the products of Enesco in Maine. **R. 19-20.** When Enesco terminated the independent sales representative agreement with Johnson, **R. 117,** Johnson applied for unemployment benefits. **R. 70.** The Maine Department of Labor, Bureau of Unemployment Compensation, determined that Enesco was liable for contributions. **R. 6.** Enesco appealed, but UIC affirmed the decision of the Bureau. **R.6.** Enesco now appeals UIC's decision, on grounds that Todd Johnson was an independent contractor, and his testimony was not credible.

*Standard of review*

When the decision of an administrative agency is appealed pursuant to M.R.Civ.P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dept of Human Services*, 664 A.2d 369, 370 (Me. 1995). The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence which supports the

result reached by the agency. *CWCO, Inc v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261.

*The independent contractor test*

The three-prong ("ABC") test for determining whether an individual is an independent contractor, whose services shall be excluded from employment benefits, is an objective one. Services performed by an individual for remuneration are considered to be employment, unless: (1) the individual is free from control or direction over the performance of such services; (2) the service is outside the usual course of business, or performed outside of all the places of business of the enterprise; and (3) the individual is customarily engaged in an independently established trade, occupation, profession or business. 26 M.R.S.A. § 1043(11)(E).

*Johnson was not free from Enesco's control.*

Plaintiff Enesco contends that it lacked control over Johnson because it never required sales representatives [sales reps] to attend the Chicago meetings, never controlled their work habits, never enforced the non-compete clause contained in the independent sales reps' agreement, nor required sales reports, or that the sales reps follow up on Enesco's leads.

The court will uphold factual findings of a commission "unless the record before it compel[s] a decision contrary to the one that the Commission reach[es]. *Maine Auto Test Equipment Co., Inc. v. Maine Unemployment Insurance Commission*, 679 A.2d 79, 80 (Me. 1996). Enesco provided catalogs and order sheets, as well as sale leads for the sales reps; set the prices for all products, which sales reps could not change; established customer discounts (sales reps could not give other discounts without Enesco's approval); established credit terms; collected on all accounts; set the non-negotiable rate of commissions; required the sales reps to lease laptop computers from Enesco; required the use of Enesco software for placing orders; compelled the sales force to convert to using a federal identification number; established sales goals for each territory and for each sales rep; required attendance at showroom events, to which Enesco instructed the sales reps to bring their top customers. UIC cited the facts that Enesco could terminate the contract if a sales rep failed to meet Enesco's sales goals, and that the contract included a non-compete clause.

The evidence does *not* compel the conclusion that Johnson was free from Enesco's control. Because the first prong of the independent contractor test is not met, the remaining elements need not be addressed. Although the Illinois Appellate Court found that independent sales representatives affiliated with Enesco were not employees, that finding is not mandatory in Maine.

*UIC found Johnson's testimony credible.*

Enesco argues that Johnson was not a credible witness. Enesco alleges that Johnson testified he had never acted as sales representative for another product,

when he had at one time sold products for a different wholesaler; and that Johnson testified that attendance at the Chicago sales shows was mandatory, when an Enesco memo indicates that attendance was only strongly suggested, and no one was ever terminated for not attending.

UIC found Johson's testimony credible. Determinations of credibility are left to the fact finder. In 80C appeals, the fact finder is the hearing examiner. *Gilmartin v. Gwadowsky*, 2001 WL 1712676 (Me. Super. Ct. Aug. 16, 2001). Credibility determinations are "exclusively the province of the Commission and will not be disturbed on appeal." *Sprague Electric Co. v. Maine Unemployment Insurance Commission*, 544 A.2d 728, 732 (Me. 1988). This court will not disturb UIC's finding that Todd Johnson's testimony was credible.

Wherefore the entry shall be:

The decision of the Defendant Maine Unemployment Insurance Commission is AFFIRMED.

Dated:       March 18, 2002

_____
Roland A. Cole
Justice, Superior Court

| Date Filed | 08-13-01 | Cumberland | Docket No. | AP-01-46 |
| County |

Action ____RULE 80C APPEAL____



ENESCO GROUP, INC.

vs.

MAINE DEPARTMENT OF LABOR,
UNEMPLOYMENT INSURANCE COMMISSION

| Plaintiff's Attorney | Defendant's Attorney ELIZABETH J. WYMAN, AA |
| | PAMELA W. WAITE, AAG |

John D. Gleason, Esq.
One Canal Plaza, P.O. Box 7320
Portland, ME 04112
(207)774-9000

G. Steven Rowe, Esq.
Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800

Marian C. Haney, Esq.(Pro hac vice)
190 South LaSalle Street
Chicago, IL 60603
(312) 782-0600

Date of
Entry