**Harry J. GARON**

**v.**

**Simon GLAZER.**

Supreme Judicial Court of Maine.

June 30, 1970.

Henry N. Berry, III, Portland, for plaintiff.

Udell Bramson, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

PER CURIAM.

This attempted appeal from an order below denying plaintiff's motion for summary judgment must be dismissed as improvidently entered. The case arrived in the Superior Court as an attempted appeal from a decision in the District Court adverse to plaintiff. Whether or not the record brought up from the District Court to the Superior Court satisfied the requirements of D.C.C.R., Rule 75 may not be free from doubt but need not concern us here. In the Superior Court the defendant first made an inartistic and abortive effort to get favorable action on plaintiff's appeal by employing the device of a motion for summary judgment. This motion having been denied, plaintiff then filed his own motion for summary judgment. After some preliminary confusion caused by defendant's default at the hearing on this motion, the Justice below properly concluded that a motion for summary judgment was not an appropriate remedy for disposition of an appeal from the District Court and denied plaintiff's motion.

 An appeal from a decision of the District Court is *itself* the vehicle for obtaining a review of legal issues in the Superior Court and no other motion in aid thereof is necessary or proper. D.C.C.R., Rule 73(a) specifically provides: "The appeal shall be on questions of law only and shall be determined by the Superior Court without jury on the record on appeal specified in Rule 75. Any findings of fact of the District Court shall not be set aside unless clearly erroneous." Once the appeal is properly before the Superior Court on an adequate record, the "questions of law" may be briefed and such oral argument may be made as the Court and counsel may deem necessary or desirable. The appeal will then be sustained or denied or in an appropriate case, as where the appeal has not been properly perfected, may be dismissed. The facts will be taken as found by the District Court unless the fact finding is "clearly erroneous."

A motion for summary judgment is a convenient device provided by M.R.C.P., Rule 56 for use when a case has been initiated in or removed to the Superior Court and stands on the docket pending hearing or trial. The first issue to be decided is whether or not there exists a "genuine issue as to any material fact" and the presence of such an issue will alone compel denial of the motion. Summary judgment may be issued as to only a portion of a case under the Rule in appropriate circumstances. The motion has a limited purpose and is not needed or intended for use in the disposition of appeals from the District Court. In the instant case, actions taken thereon could not and did not affect the appeal.

As matters stand, the appeal from the District Court has never been acted upon in the Superior Court and is still pending on its docket. No final and appealable judgment has been rendered in that Court and it follows that an appeal to the Law Court is premature.

Appeal dismissed. Case remanded to the Superior Court for further proceedings not inconsistent with this opinion.