**Jacqueline Frye v. Department of Employment Security**

[353 A.2d 339]

No. 228-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 3, 1976

*Zander B. Rubin,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*Raymond S. Fitzpatrick,* Montpelier, for Defendant.

**Larrow, J.** This is an appeal from a decision of the Employment Security Board, holding the claimant disqualified for unemployment benefits because of failure to accept available suitable work without good cause. 21 V.S.A. § 1344(a)(2)(C). The available work was part time, at a weekly wage lower than claimant's previous earnings, but the central issue here involved is whether acceptance of the part time work would restrict her search for full time employment. The appeals referee, who ruled with the claimant, concluded that her acceptance of the part time employment would have "inhibited her search for full time, permanent, employment." The Board found only a belief on her part to that effect, without finding such belief to have factual foundation. It did so on the basis of the record before the appeals referee, without taking additional evidence. Appellant now claims that the Board should have honored the factual finding of the referee, supported by evidence, because of an amendment to the Board's Rule 17E, concededly in effect as of February 10, 1975, prior to both the events and the hearings in issue here.

In substance, the claim is that amended Rule 17E makes the Board solely an appellate review board with a status similar to that of this Court in reviewing factual findings below. She would have the review of the referee's findings by the Board confined to a determination as to whether or not they were supported by credible evidence, the former

statutory rule (12 V.S.A. § 2385) described in *Armstrong* v. *Hanover Ins. Co.*, 130 Vt. 182, 185, 289 A.2d 669 (1972), or the substantially identical "clearly erroneous" test prescribed by V.R.C.P. 52(a).

The amended Rule 17E provides:

> Except as otherwise provided by this rule all appeals to the Board shall be heard upon the evidence in the record made before the referee.
>
> In the hearing of an appeal on the record by the Board, parties may present oral or written argument or both.
>
> The Board may direct a referee to take additional evidence necessary for the proper disposition of the appeal. Such evidence shall be taken by the referee in the manner prescribed for conduct of hearings on appeals before him. Upon completion of the taking of such additional evidence, the complete record involved in the appeal shall be returned to the Board for its decision thereon.

A cursory reading of the amended rule would, at first blush, seem to support the appellant's position. It is quite apparent that, for whatever reason, the Board has decided that it will no longer hear evidence, new or otherwise, in appellate hearings before it. But the change in the Board's function is not as sweeping as appellant would have us hold. It is merely a determination that it will pursue, as a matter of course, the procedure which the underlying statute had hitherto made optional.

21 V.S.A. § 1349, as amended, in its pertinent portions, reads as follows:

> The appeal shall be heard . . . and the board may affirm, modify or reverse the decision of the referee solely on the basis of evidence in the record transferred to it by the referee, or upon the basis of evidence in the record and such additional evidence as it may direct to be taken. . . . The board shall make its findings of fact and conclusions thereon.

When read in light of the governing statute, the procedure outlined in amended Rule 17E is not the drastic departure that appellant would have us believe. It was the clear contem-

plation of the statute that the Board would not merely review findings of fact by the referee, but would make its own findings, based upon the evidence presented below plus such additional evidence, if any, as it might direct to be taken. The amended rule merely provides, undoubtedly because of the numerical increase in hearings, that the additional evidence to be considered, if any, will be taken before the referee rather than the Board. We do not perceive the "basic change in function" which appellant argues is made by the amended rule. The change is both procedural and slight; additional evidence, if any is required, shall be taken before a referee rather than before the Board. We are pointed to no holding that evidence to be considered by an administrative body cannot be so presented, and we know of none. The rule does not make the taking of evidence, at any stage, an ex parte proceeding; claimant's rights of confrontation and cross-examination are not impinged upon.

Our conclusion in this respect is further strengthened by a review of 21 V.S.A. § 1348(a), which, in delineating procedures before a referee, requires only that he give notice in writing of his decision and reasons therefor. Findings of fact are not required to be made by the referee under the applicable statute; to accord to them, if made, the status of quasi-finality advocated by the appellant would be an unwarranted extension of statutory intent.

Our decision here, therefore, is not whether the findings of the referee are supported by credible evidence, and require affirmance if so supported. It is, instead, a review of the findings of the Board, to determine whether its findings, made de novo on the record and evidence before it, are so supported. This is the procedure prescribed by the Legislature for hearings of this type, and while it may remove the desirable element of personal observation of the witnesses, administrative hearings are often of this nature. When, as here, the day to day living of a claimant is the underlying purpose of the legislation, expediting the statutory determination may well be more important than the complete panoply of a full-fledged trial.

Nor is witness observation any important factor in the present case. The Board found that the claimant believed

the offered employment would restrict her search for a full time job. It did not concur with that belief, evidently feeling that four days per week employment, at six hours per day, left sufficient time to seek full employment, even despite an element of travel to work. It found, accurately, that the part time wages, after deductions, would be approximately equal to the claimant's unemployment benefits. But it concluded that this was not sufficient reason for refusing the employment as unsuitable, where the job (as cook) was substantially the same as previous employment, the hourly rate the same, and her belief about inability to seek full time employment was not found to be factual. We cannot say, as a matter of law, that the conclusions of the Board were clearly erroneous and the offered employment unsuitable within the meaning of the statute. Our decision in *In re Potvin*, 132 Vt. 14, 313 A.2d 25 (1973), is clearly distinguishable, because in that case the proffered employment was unsuited to the claimant's prior experience and training, was unskilled instead of semi-skilled, and carried a reduction of 40% in hourly wage rate.

To reverse the decision of the Board, we would be compelled to hold that part time employment is unsuitable as a matter of law, and a refusal to accept it justified under any circumstances. This we are unwilling to do. Such a holding would be incompatible with the statutory provisions compensating partial unemployment. *In re Krieger*, 279 App. Div. 681, 107 N.Y.S.2d 916, 918 (1951). Combined with other factors, the part time element of the proffered employment may justify its refusal, but standing alone it is not such justification. Each case must be judged on its particular facts, and the facts here found by the Board, acting under the statute, do not render its decision clearly erroneous. Its findings have evidentiary support, and its conclusions and decision are supported by the findings.

*Judgment affirmed.*