*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2010-367

APRIL TERM, 2011

| | | |
|---|---|---|
| Kelly VanZile | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Employment Security Board |
| | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 06-10-054-12 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from a decision of the Employment Security Board requiring her to reimburse the Department of Labor for an overpayment of unemployment compensation benefits. We reverse and remand.

The following facts were found by the Administrative Law Judge and adopted by the Board. Claimant filed an initial claim for unemployment compensation benefits in July 2009. She received a determination from the Department showing a weekly benefit of $232 and a claimant handbook setting forth certain "work search requirements." Principally, these require a claimant "to make at least three (3) job contacts for each week" of benefits claimed. The handbook states that a claimant must "keep accurate records" of his or her work search efforts and that "Work search forms are provided in the back of the handbook to assist you in keeping track of your contacts. If you do not use these forms, you are required to keep records containing all of the information outlined on our work search form." The form in question is essentially a spread sheet that includes space to indicate the name of each potential employer contacted, the company name, address and telephone number, and the position applied for.

Claimant did not use the form provided in the handbook to document her work search efforts between early January 2010 and late April 2010. As a result, a claims adjudicator ordered her to reimburse the Department $4,112 in benefits paid during that period. Claimant appealed, and a hearing was held before an ALJ in July 2010. Prior to the hearing, claimant faxed to the ALJ a list of the employers she had contacted since January 2010. The single-page list sets forth the name of each company contacted, its location, and the outcome of the contact. Claimant's list identified 51 such contacts. At the hearing, claimant was asked whether she knew the "weeks that these contacts were actually made." Claimant responded, "I never wrote down the actual dates," although she did not deny knowing the dates.

The ALJ concluded that claimant failed to comply with the Department's work search requirements in two respects. First, claimant's list of employer contacts did not set forth the information required by the Department handbook, including the date of the contact and the position applied for. Second, the list of 51 contacts over the 25-week period in question was

well short of the 75 contacts (three per week) required.  Accordingly, the ALJ ruled that claimant had failed to fulfill a condition for the receipt of benefits and was required to repay the amounts received.

Claimant appealed to the Board, asserting that, in faxing her original list to the ALJ, a second page containing the names of over 25 contacts had inadvertently failed to print.  Claimant submitted the second page to the Board, together with a spread sheet identifying the week of each contact, the position applied for, the employer's address and phone number, and the outcome.  At the hearing before the Board, claimant explained that she had assumed the ALJ had received the second page, and that while she had not contemporaneously noted the specific day of each contact she had kept a record of each week's contacts.

The Board issued a written decision in August 2010.  The decision states in general terms that the Board had reviewed the evidence taken before the ALJ and found it to be sufficient to support the ALJ's findings, which the Board adopted as its own.  The decision further states that the Board had reviewed the ALJ's conclusions, found them to be factually supported, and adopted them as its own.  Accordingly, the Board sustained the ALJ's ruling.  This appeal followed.

As the ALJ observed in his decision, the Commissioner is expressly authorized by statute to require that a claimant register at an employment office, "make such other efforts to secure suitable work as the commissioner may reasonably direct," and "supply proper evidence thereof."  21 V.S.A. § 1343(a)(3).  A claimant who has received benefits "while any conditions for the receipt of benefits" were unfulfilled is liable for repayment of the amounts received.  Id. § 1347(a).

Claimant does not challenge the legal basis of the Board's decision to apply and enforce the handbook requirements and order the reimbursement of benefits.  She contends, however, that the Board erred in failing to address the additional evidence that she submitted to the Board, which, she maintains, satisfied those requirements.  As this Court has recognized, the Board's longstanding policy is to decide appeals on the record evidence submitted to the ALJ, although it may direct the ALJ to consider any new evidence offered by a party and necessary to a proper disposition of the appeal. Piper v. Dep't of Labor, 2011 VT 32, ¶15; Frye v. Dep't of Emp't Sec., 134 Vt. 131, 133-4 (1976).  The decision on whether to remand to the ALJ for the taking of additional evidence is within the Board's sound discretion.  Lincoln v. Dep't of Emp't & Training, 156 Vt. 316, 321 (1991).

The difficulty here is that the Board's decision gives no indication that it even considered whether to remand to the ALJ to address the new evidence submitted by claimant.  It may be, as the Department argues on appeal, that the Board "acted within its discretion" in not remanding because the circumstances suggest—in the Department's view—that the second page of employment contacts submitted by claimant was fabricated "after the fact to address the deficiencies articulated in the ALJ's decision," or that the submissions were "belied" by her testimony or were otherwise unreliable.  There is no indication in the Board's decision, however, that it exercised its discretion on this basis, or any basis.  Accordingly, we conclude that the decision must be reversed and the matter remanded to the Board to address this deficiency.

Reversed and remanded for further proceedings consistent with the views expressed herein.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

3