STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CIVIL ACTION
                                                  DOCKET NO. AP-15-02


DEBRA COOLONG,
        Petitioner

v.                                                **ORDER**

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,
        Respondent


Petitioner Debra Coolong appeals from the majority decision of the Maine Unemployment Insurance Commission (Commission) affirming the Administrative Hearing Officer's Decision disqualifying Petitioner from receiving unemployment benefits because she refused to accept an offer of suitable work for which she was reasonably fitted. Petitioner contends that the Commission erred because the position she was offered was not suitable in light of her hearing loss.

Petitioner worked for Maine Business Services, Inc. (Manpower), a staffing agency, as a clinical administrative assistant from October 28, 2013 to November 25, 2013. Her job duties were primarily data entry. Her job ended when the project was completed. Manpower stated that Petitioner did a fantastic job.

Manpower, through the testimony of Michelle Cox, asserted that on December 31, 2013, it asked Petitioner if she was still looking for work and the Petitioner responded that she was looking for something permanent with benefits. When asked if she was available for something short-term in the meantime, Petitioner allegedly said "she would pass on that" and that she wanted something permanent with benefits. Petitioner then allegedly asked, out of curiosity, what the job assignment was, where it was, and what it entailed. Manpower informed her that it was a short-term assignment for a healthcare company, starting immediately, to place phone calls to new members. Manpower testified that Petitioner declined again reiterating that she wanted something permanent with benefits. In addition, Manpower testified that Petitioner did not discuss any work-related restrictions due to hearing loss. Petitioner, however, asserts that Manpower, through Ms. Cox, already knew about her hearing loss and the trouble it would have caused Petitioner with telephone work.

Manpower testified that Petitioner had previously applied for a position with it as a patient services representative at a hospital, and that the position was "a phone position" that involved "answering incoming calls and scheduling appointments in one of their doctors' offices." Petitioner allegedly told the employer that she did not want to pursue that position because it required her to

2

obtain a flu shot. When Petitioner first applied for that position, she listed as prior experience, "answering incoming calls."

Petitioner applied for unemployment benefits and the deputy determined she was not qualified to receive them because she had refused an offer of suitable work. Petitioner appealed the decision to the Division of Administrative Hearings, which held a telephonic hearing on April 9, 2014, at which the Petitioner and a representative for Manpower appeared. The hearing officer also found that Petitioner was not qualified to receive benefits because she had refused an offer of suitable work. Petitioner appealed that decision to the Commission and, on June 11, 2014, the Commission heard oral argument. It did not take any new or additional evidence.

In support of her hearing loss, Petitioner introduced two charts that allegedly show her hearing loss and two letters from audiologists. The first chart appears to show Petitioner's hearing ability in relation to various sounds. The second chart contains a note at the bottom stating: "moderate hearing loss in both ears only wearing one hearing aid in her left ear which is over 10 years old. [Petitioner] would benefit if she was given new hearing aids." Similarly, a letter from audiologist Jamie Healy opines that Petitioner has moderate hearing loss in both ears, has a ten-year-old hearing aid for her left ear that is not compatible with

3

telephones, and is currently waiting for funding for new hearing aids that will allow her to hear on the phone. Healy states that "[i]t will be difficult if not impossible for [Petitioner] to hear on the telephone" and "therefore employment requiring telephone use is not recommended at this time." Petitioner, Healy states, she "cannot be expected to use a telephone as part of her job requirement." Finally, an audiologist from Shapiro Hearing Aid Center, Inc., sent in a letter stating that Petitioner's "audiogram revealed bilateral sensorineural hearing loss" and that her "[w]ord recognition scores were good in both ears (80%) at [Petitioner's] most comfortable listening levels." The letter also states that Petitioner is recommended for binaural amplification and that she "doesn't do well with the one hearing aid she is wearing." Petitioner has "trouble understanding speech with [indiscernible] and trouble hearing over the phone. Plus is working with a hearing aid that is over 10 years old."

On November 21, 2014, the Commission majority issued a decision affirming the decision of the Administrative Hearing Officer and making additional factual findings.[1] In particular, the Commission explained that the issue before it was whether Petitioner refused an offer of suitable work for which she was reasonably fitted within the meaning of 26 M.R.S. § 1193(3). In finding that

[1] Commissioner O'Malley authored a dissenting opinion finding that Petitioner did not refuse an offer of suitable work because her hearing loss was evident, she has one hearing aid, but should have two, and her testimony was more credible than that of Manpower.

4

Petitioner did refuse a suitable offer of work, the Commission majority explained that it found more credible the testimony of Manpower than Petitioner regarding her reasons for declining the offer. This is because Petitioner initially declined the job when offered before hearing the details because the job was not a permanent one with benefits. When Manpower provided details, Petitioner again declined the position. Petitioner, did not, however, mention that she was declining the position due to hearing loss. In addition, the Commission majority determined that Petitioner had not previously discussed with the employer a restriction on her work related to hearing loss. Indeed, Petitioner had previously applied for a position with Manpower for a job that involved answering the telephone.

The Commission majority explained that it found more credible Manpower's detailed testimony that Petitioner declined the aforementioned position because of a flu shot, not because of hearing loss. In addition, the Commission majority noted that Petitioner listed experience "answering incoming calls" when applying for her previous data entry job. It also found that despite Petitioner's undisputed hearing loss, it does not believe that was the reason she declined the position offered by Manpower. The Commission majority further explained that it afforded less weight to Petitioner's medical records because they appear to be documents that were created after the date of the offer, portions of the documents were redacted,

and the records do not specify that Petitioner was unable to work answering the telephone. As a result, the Commission majority found that Petitioner refused an offer of suitable work and that the refusal was not due to a necessitous and compelling cause within the meaning of 26 M.R.S. § 1193(3). The Commission majority then disqualified Petitioner from benefits from December 29, 2013, until she earned $3,180 in employment and affirmed that Petitioner's benefit account was overpaid $2,862.

Petitioner requested reconsideration. The Commission denied the request. Thereafter, Petitioner filed the present appeal.

In reviewing decisions of the Maine Unemployment Insurance Commission, the Court's review is "limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *See McPherson v. Me. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. The Court will not disturb a decision of the Commission "unless the record before the Commission compels a contrary result." *Id.*; *see also Gerber Dental Ctr. v. Me. Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me. 1987).

Furthermore, the Court "will not overrule findings of fact supported by substantial evidence, defined as 'such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion.'" *Lewiston Daily Sun*

6

*v. Me. Unemployment Ins. Comm'n*, 1999 ME 90, ¶ 7, 733 A.2d 344 (quoting *Crocker v. Me. Unemployment Ins. Comm'n*, 450 A.2d 469, 471 (Me. 1982)). When conflicting evidence is presented, such conflicts are for the fact-finder to resolve. *Bean v. Me. Unemployment Ins. Comm'n*, 485 A.2d 630, 634 (Me. 1984). In particular, credibility determinations are "exclusively the province of the Commission and will not be disturbed on appeal." *Sprague Electric Co. v. Me. Unemployment Ins. Comm'n*, 544 A.2d 728, 732 (Me. 1988). Stated differently, the Court may not substitute its judgment for that of the agency merely because the evidence could give rise to more than one result. *Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987) (citing *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1209 (Me. 1982)). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Me. Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982) (citation omitted).

Petitioner asserts that the Commission failed to consider the length, duration, complexity and nature of her hearing disability and gave credibility, without documentation, to statements of the employer, while questioning, without evidence and despite documentation, Petitioner's credibility. Petitioner asserts that she was born with a congenital hearing disability, has lived with hearing disability her entire life, and submitted an audiogram and letters from two different audiologists

documenting her hearing loss and opining that she is not suited for telephone work. In addition, Petitioner asserts that she disclosed her hearing disability to Michelle Cox of Manpower during a meeting on October 25, 2013. Petitioner contends that the hearing officer erred in questioning this evidence and giving weight to undocumented statements by Manpower.

Specifically, Petitioner contends that the hearing officer showed a lack of understanding of her disability and credibility by questioning her about the dates on the reports and the fax and agreeing to enter them into the record only with his own, on-the-record observations. Petitioner then explains that the blacked out line on her medical records concerned confidential information that was not relevant to her hearing loss. Petitioner also asserts that the hearing officer made a false assumption when he interpreted the word-recognition score of 90 percent as a high score indicating she can hear over the telephone well enough to perform a job consisting entirely of telephone use. Petitioner then claims that the hearing officer should have either accepted the audiologist and doctor's reports on their face or requested more information from the professionals themselves.

In addition, Petitioner contends that the hearing officer's lack of understanding and expertise regarding hearing disability and suitability for telephone work was demonstrated by: (1) his assumption that Petitioner's

8

application for a position involving telephone work indicates she can carry out that function when there is a stark difference between occasionally using the phone for non-essential or complicated job related conversations, and being able to perform a job whose essential function is the ability to use the telephone effectively and exclusively for the whole day; and (2) his failure to understand that if Petitioner was offered the job involving occasional telephone use, she could have requested reasonable accommodation in the form of assessing, evaluating, and purchasing assistive technology to aid her hearing ability over the phone.

Petitioner further argues that, with respect to the position at issue, she did precisely what the Vocational Rehabilitation and Unemployment programs of the Department of Labor inform clients to do: refuse a job offer if they are not suited for the job. She also asserts that her statement that she was looking for a full-time position with benefits was not the reason she refused the offer, nor was it reasonable to dismiss her testimony that she told Ms. Cox at Manpower of her hearing loss. Instead, the Commission majority should have found, in line with the dissenting Commissioner, that the employer had incentives to state that it had no previous knowledge of Petitioner's disability and hearing loss and that Petitioner was entitled to benefits.

Respondent counters that the Commission properly made a factual finding that the claimant turned down the job because it was not a permanent position with benefits. It argues that this finding is based upon substantial evidence in the record, namely, Manpower's sworn testimony of the December 31, 2013 phone conversation in which it offered, and Petitioner turned down, the job at issue. Respondent points out that Petitioner admits she did not mention hearing loss during that conversation, but alleges that she understood Manpower was already aware of that issue. The record, however, contains competent evidence to support the Commission's finding that Petitioner did not raise the issue of hearing loss while discussing the potential customer service position that required answering phones. Respondent asserts that the Commission's finding on this point is based on evidence in the record that Petitioner had applied directly to Central Maine Medical Center for a patient representative position, which involved answering incoming calls and scheduling appointments in a doctor's office. There is also evidence supporting the Commission's conclusion that Petitioner turned down that job because it required her to get a flu shot, not due to answering incoming calls. In addition, the Commission's decision was supported by Petitioner listing her ability to answer incoming phone calls as a skill on her resume. In light of this

evidence, Respondent contends that the Court must affirm the Commission's Decision.

Section 1193(3) of the Maine Employment Security Act (MESA) states, in pertinent part, that "[a]n individual shall be disqualified for benefits . . . [f]or the duration of the individual's unemployment subsequent to the individual's having refused to accept an offer of suitable work for which he is reasonably fitted." 26 M.R.S. § 1193(3). The remedial nature of MESA "dictates a liberal construction in favor of the employee," under which disqualifications must be strictly construed. *Brousseau v. Me. Employment Sec. Comm'n*, 470 A.2d 327, 329 (Me. 1984). However, the "basic policy of the law is advanced as well when benefits are denied in improper cases as when they are allowed in proper cases." *Lowell v. Me. Employment Sec. Comm'n*, 190 A.2d 271, 274 (Me. 1963) (quotation omitted).

Under MESA, the claimant bears the burden of demonstrating that the work offered was not suitable. *Proctor v. Me. Employment Sec. Comm'n*, 406 A.2d 905, 907 (Me. 1979). Section 1193(3)(A) provides:

> In determining whether or not any work is suitable for an individual during the first 10 consecutive weeks of unemployment, the deputy shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local

11

work in his customary occupation and the distance of the available work from the individual's residence.

26 M.R.S. § 1193(3)(A).

No single factor in section 1193(3)(A) is determinative as to whether an offer of work is suitable. *See Grace v. Me. Employment Sec. Comm'n*, 398 A.2d 1233, 1235 (Me. 1979). Section 1193(3)(A) requires an analysis of suitability as of the time the job offer was made. *Clarke v. Me. Unemployment Ins. Comm'n*, 491 A.2d 549, 552 n.2 (Me. 1985). The issue of suitability is a question of fact which must be upheld by the Court if it is based upon competent evidence in the record. *See Lowell v. Me. Employment Sec. Comm'n*, 190 A.2d 271, 274 (Me. 1963).

The Court affirms the Commission's decision because it is supported by competent evidence. In particular, the Commission's Decision was supported by: (1) Manpower's testimony that Petitioner refused the job because it was not permanent and did not offer benefits, (2) Petitioner's previous application for a position that involved answering the telephone, and (3) Petitioner listing answering incoming calls as a skill on her resume. In addition, the Commission Decision was supported by its credibility assessment that the medical records Petitioner submitted were created after the date of the job offer, did not specify that Petitioner was unable to work answering the telephone, and redacted select—potentially

12

pertinent—portions. While the evidence presented certainly could have supported a fact-finder reaching the opposite conclusion, the Court may not substitute its judgment for that of the Commission merely because the evidence could give rise to more than one result. Because the Commission's Decision was supported by substantial evidence and did not contain an abuse of discretion,

The entry will be:

> The Maine Unemployment Insurance Commission Decision affirming the Administrative Hearing Officer's Decision disqualifying Petitioner from receiving unemployment benefits, dated December 19, 2014, #14-C-09573 is AFFIRMED.
>
> Petition DENIED.

The Clerk is directed to incorporate this Order by reference in accordance with M.R. Civ. P. 79(a).

September 2, 2015

Donald H. Marden
Superior Court Justice

Action:  <u>Petition for Review</u>
          80C                          **J. Marden**      ~~J. Murphy~~


Debra Coolong                    vs.    Unemployment Insurance Commission

---

Plaintiff's Attorney                           Defendant's Attorney

Debra Coolong, Pro Se                          Nancy Macirowski, AAG
290 Turner Street, Apt 1                       6 State House Station
Auburn, ME  04210                              Augusta, ME 04333

Date of Entry

---

| | |
|---|---|
| 1/23/15 | Appeal of Decision No. 14-C-09573, filed 1/13/15.  s/Coolong, Pro Se |
| 1/30/14 | Entry of Appearance, filed (1/26/15). s/Macirowski, AAG |
| 2/19/15 | Administrative Record, filed 2/17/15.  s/Macirowski, AAG |
| 2/19/15 | Notice and Briefing Schedule issued.<br>Copy to Petitioner and AAG Macirowski |
| 3/26/15 | Motion to Enlarge Time to File Brief, filed. s/Coolong, Pro Se |
| 4/3/15 | Motion to Enlarge Time to File a Brief, GRANTED (4/2/15). Mullen, J.<br>Brief due after April 13, 2015<br>Copy to Petitioner and AAG Macirowski |
| 4/15/15 | Brief of Debra Coolong, filed 4/13/15.  s/Coolong, Pro Se |
| 5/15/15 | Brief of Respondent Maine Unemployment Insurance Commission, filed 5/13/15.<br>s/Macirowski, AAG |
| 7/2/15 | Oral argument scheduled for 7/24/15 at 2:00.<br>Notice of Hearing sent to Petitioner and AAG Macirowski |
| 7/28/15 | Oral argument not held on 7/24/15. |
| 7/28/15 | Oral argument rescheduled for 8/11/15 at 11:00.<br>Notice of Hearing sent to Petitioner and AAG Macirowski |
| 8/20/15 | Hearing not held on 8/11/15.  To be rescheduled. |
| 8/20/15 | Oral argument scheduled for 8/26/15 at 10:30.<br>Notice of Hearing sent to Petitioner and AAG Macirowski |
| 9/3/15 | Oral argument held 8/26/15, J. Marden presiding.<br>Petitioner and AAG Macirowski appeared.<br>Under advisement. |

9/3/15        ORDER, Marden, J. (9/2/15)

The Maine Unemployment Insurance Commission Decision affirming the Administrative Hearing Officer's Decision disqualifying Petitioner from receiving unemployment benefits, dated December 19, 2014, # 14-C-09573 is AFFIRMED. Petition DENIED.
Copy to Petitioner and AAG Macirowski
Copy to Repositories

9/3/15        Notice of Removal of Record sent to AAG Macirowski.