GERBER DENTAL CENTER CORP.

v.

MAINE UNEMPLOYMENT INSUR-
ANCE COMMISSION.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1987.
Decided Oct. 8, 1987.

Judith W. Andrucki, (orally), John W. Geismar, Marshall, Raymond, Bonneau & Gosselin, Lewiston, for plaintiff.

James E. Tierney, Atty. Gen., L. Louise Smith, Pamela W. Waite, (orally), Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Gerber Dental Center Corporation appeals from the affirmance by the Superior Court (Androscoggin County) of a decision by the Maine Unemployment Insurance Commission that Gerber is obligated for contributions to the unemployment compensation fund on account of payments it makes to the dentists who work at its dental centers. We also affirm.

Gerber owns and operates dental centers in shopping malls in South Portland and Auburn. Gerber advertises in the telephone book yellow pages under "dentists" without identification of the individual dentists performing the services. Gerber accepts patients on a walk-in basis as well as by appointment. It controls and performs all administrative functions at its dental centers; it employs the necessary administrative and dental support staff and it bills and collects from patients. The dentists with whom Gerber contracts to perform professional services at its dental centers have no administrative or proprietary responsibilities and spend their time at the centers doing dental work on patients. Each dentist has a biweekly draw, which Gerber charges against a fixed 30% of the

fees that it collects from patients on whom the dentist works.

The commission determined that the dentists working at Gerber's dental centers were Gerber employees for purposes of the Maine Employment Security Law. Gerber appealed the commission's determination to the Superior Court, which affirmed without receiving additional evidence. When the Superior Court thus sits as an intermediate appellate court, we review the administrative tribunal's decision directly. That review is limited to whether the commission correctly applied the law and whether the commission's factual findings are supported by any competent evidence. *Nancy W. Bayley, Inc. v. Maine Employment Sec. Comm'n,* 472 A.2d 1374, 1377 (Me. 1984).

■ In order to carry out its purpose of "limiting the serious social consequences of unemployment," 26 M.R.S.A. § 1042 (1974), Maine's unemployment insurance statute defines employment in the broadest possible terms to include presumptively any "[s]ervices performed by an individual for remuneration." 26 M.R.S.A. § 1043(11)(E) (Supp.1986).[1] The presumption declared by the section 1043(11)(E) definition of "employment" may be rebutted only by proof of *all* three prongs of what is commonly known as the ABC test. *See Hasco Mfg. Co. v. Maine Employment Sec. Comm'n,* 158 Me. 413, 414–15, 185 A.2d 442, 443 (1962). Gerber does not question that its dentists are performing services for remuneration. Thus, to escape liability to make contributions to the unemployment compensation fund on account of those dentists, Gerber had to establish in the administrative proceedings that its relationship with its dentists satisfies *all* three prongs of the

ABC test. *Id.* In other words, Gerber had the burden of proving that

(A) Its dentists "ha[ve] been and will continue to be free from control or direction over the performance of such services [at the Gerber dental centers], both under [their] contract[s] of service and in fact; and" *also*

(B) "Such service is either outside the usual course of the business [of Gerber], or ... is performed outside of all the places of business of [Gerber]; and" *also*

(C) Each dentist "is customarily engaged in an independently established trade, occupation, profession or business."

The Maine Unemployment Insurance Commission found that Gerber had failed to prove any part of the ABC test. To sustain its appeal of that finding, Gerber must show that the record before the commission compelled a decision contrary to the one that the commission reached.

■ We look first at prong B of the ABC test. The commission found that the relationship between Gerber and its dentists did not satisfy either alternative of prong B. It owns or leases the space in which it conducts its dental centers and the dentists perform dental services under their contracts with Gerber only at those centers. From these facts the commission correctly concluded that Gerber failed to prove that all services of the dentists were performed away from its places of business. The commission was well justified in rejecting any notion that Gerber's dentists were performing their services in space of their own rented from Gerber. On this score, as well as several others, the arrangement in the case at bar is distinguished factually from the office-rental and client-sharing arrangement between lawyers found to exist in

1. 26 M.R.S.A. § 1043(11)(E) (Supp.1986) provides in full:

E. Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the [B]ureau [of Employment Security] that:

(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

(2) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

*Wallace v. Annunzio*, 411 Ill. 172, 103 N.E.2d 467 (1952).

■ The commission also concluded that Gerber failed to prove the alternative of prong B; namely, that the services provided by the dentists were outside Gerber's usual course of business. The commission found Gerber's business to be the provision of dental services to the public. Most certainly the record does not compel a result different from that reached by the commission. With the exception of some minor dental tools that some individual dentists own, Gerber provides all the dental equipment and dental supplies used at its dental centers. It employs all the dental hygenists and assistants and all the support staff that handles patient appointments, billings, and collections. It publicly advertises its provision of dental services, and the individual dentists do not have their own business cards. Each dentist receives a straight percentage (30%) of the billings that Gerber collects from patients he or she works on, regardless of fluctuations in the rent and equipment costs or other expenses incurred by Gerber in operating its dental centers. Gerber's only income comes from its billings to the patients for dental services. The nature of Gerber's operation clearly supports the commission's conclusion that Gerber's usual course of business is the provision to the public of the full range of dental services. The commission's conclusion that Gerber failed to satisfy either alternative of prong B of the ABC test, being fully supported by competent evidence, was not clearly erroneous.

The commission found that Gerber also failed to satisfy prongs A and C of the ABC test. Since the test is conjunctive and since we conclude that the commission was fully justified in concluding that Gerber failed to satisfy the second prong, we need not, and therefore do not, undertake a review of the commission's other findings.

The entry is:

Judgment affirmed.

All concurring.