Samuel NYER d/b/a Youngstown
Home Improvement Company

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION.

Supreme Judicial Court of Maine.

Argued Oct. 4, 1991.

Decided Jan. 17, 1992.

Richard Silver (orally), Russell, Lingley & Silver, Bangor, for plaintiff.

Pamela Waite (orally), Sarah Roberts Walton, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Plaintiff Samuel Nyer d/b/a Youngstown Home Improvement Company (Youngstown) appeals from an order of the Superior Court (Penobscot County, *Kravchuk, J.*) affirming an order of the Maine

Unemployment Insurance Commission (Commission) that an employer-employee relationship existed between Youngstown and forty-two workers. Youngstown argues on appeal that no substantial evidence exists in the record to support the Commission's conclusion with respect to forty of its workers and that the Commission misapplied the law. We disagree and affirm the judgment.

Youngstown is a Bangor company that sells siding, windows and doors. After a sale is made, Youngstown sends a carpenter (an "applicator") to install the material. In 1985, Youngstown informed the Unemployment Tax Division of the Bureau of Employment Security (Bureau) that it no longer had any employees and stopped making unemployment contributions. In 1989, the Bureau audited Youngstown, mailing questionnaires to forty-five people who had worked for Youngstown for remuneration and had received 1099 forms.[1] Six questionnaires were returned, four of them filled out by applicators. The Bureau determined that, while three of these four applicators were independent contractors, the fourth was a Youngstown employee within the meaning of 26 M.R.S.A. § 1043 (1988 & Supp.1991).[2] Based on these findings, the Bureau classified the remaining thirty-nine applicators as employees. After an administrative hearing, the Commission affirmed the Bureau's determination. Pursuant to M.R.Civ.P. 80C, Youngstown sought judicial review of the Bureau's decision. The Superior Court affirmed the Commission's order, and Youngstown appealed.

■ When the Superior Court reviews an agency decision without receiving any additional evidence, we review the agency decision directly to determine whether the factual findings are supported by any competent evidence and the law was correctly applied. *E.g., Gerber Dental Center v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me.1987). Since Youngstown had the burden of persuasion before the Commission, to prevail on appeal it must demonstrate not only that no competent evidence in the record supports the Commission's decision but that the record compels a contrary finding. *Id.*

■ Previously we have observed that Maine's Employment Security Law defines employment in terms sufficiently broad to include presumptively any "[s]ervices performed by an individual for remuneration." *Id.; see* 26 M.R.S.A. § 1043(11)(E). Once triggered, the employer may rebut the presumption of employment only by proving all three prongs of what is commonly known as the "ABC" test, set out in section 1043(11)(E):

(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact;

(2) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

*See Gerber Dental Center*, 531 A.2d at 1263. Youngstown concedes that all forty applicators are presumptively its employees, but argues that it has met its burden of rebutting each prong of the ABC test. We reject this argument as to prong C and affirm the judgment.[3]

■ To meet its burden of establishing the C prong of the test, an employer must demonstrate that the workers have a "proprietary interest in an occupation or busi-

---

1. Form 1099 is used to report non-employee compensation for income tax purposes.

2. The determination that the other two workers were also employees is not challenged by this appeal.

3. "Since the [ABC] test is conjunctive and since we conclude that the commission was fully jus-

tified in concluding that [Youngstown] failed to satisfy the [third] prong, we need not, and therefore do not, undertake a review of the commission's other findings." *Gerber Dental Center v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1264 (Me.1987).

ness to the extent that [they] could operate without hindrance from any source." *Hasco Mfg. Co. v. Maine Employment Sec. Comm'n*, 158 Me. 413, 419, 185 A.2d 442, 443 (1962). Although we agree with Youngstown that the requisite "proprietary interest" need not be an established concern with various business indicia such as a place of business or even a mailing address, at the very least such workers must hold themselves out to some community of potential customers[4] as independent tradesmen involved in a particular craft. *Cf. North American Builders, Inc. v. Unemployment Compensation Div., Dept. of Employment Sec.*, 22 Utah 2d 338, 453 P.2d 142, 144 (1969). Thus the workers' "business" would exist independent of the services performed by the workers on a particular job "in the sense that [the business] is the whole—of which the particular service is a part." *Id.* (quoting *Leach v. Board of Review*, 123 Utah 423, 431–32, 260 P.2d 744, 748 (1953)).

The Commission found that Youngstown failed the C prong because it failed to establish that the applicators had a proprietary interest in an independently established business. We cannot say on the evidence before the Commission that it was compelled to find to the contrary. Because Youngstown failed to meet its burden of rebutting the presumption that the applicators were employees of Youngstown, the Superior Court properly affirmed the decision of the Commission.

The entry is:

Judgment affirmed.

All concurring.

**4.** *See Barney v. Department of Employment, Sec.*, 681 P.2d 1273, 1276 (Utah 1984) (sufficient proprietary interest established where workers simply "establish relationships with contractors who will engage them when their services are needed").