STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-08-09
JMJ - KEN - 3/9 2009

ROBERT J. MULREADY

Petitioner

v.

**DECISION AND ORDER**

BOARD OF REAL ESTATE
APPRAISERS

Respondent


This case is before the court on petitioner's M.R. Civ. P. 80C petition for judicial review of the Maine Board of Real Estate Appraisers (Board)'s finding that petitioner violated the 2005 Uniform Standards of Professional Appraisal Practice (USPAP), and the Board's imposition of professional discipline upon petitioner, including a formal "warning" and hearing costs.

## Facts

In August or September 2006, petitioner was employed by Dead River 80 Exchange Street, LLC (Dead River) to complete an appraisal of certain commercial property in Bangor, Maine. This appraisal was undertaken in an effort to determine whether Dead River could obtain an abatement of its taxes on the property.

By letter dated September 6, 2005, petitioner wrote the Bangor City Tax Assessor (Assessor), expressing his opinion that the property—originally assessed at $6,323,000— was overvalued. Petitioner's letter indicated that he had been "retained by Dead River," and Dead River separately notified the Assessor that petitioner was its "duly authorized agent" regarding the assessment of the property. On December 5, 2005, petitioner filed Dead River's Application for Abatement of Property Taxes with the City

of Bangor, indicating that Dead River's opinion of the current value of the property was between $3,200,000 and $3,500,000. In support of Dead River's application, petitioner met with the Assessor during the course of the next several weeks, providing a series of reports, letters, and analyses regarding the valuation of Dead River's property, which Petitioner estimated the fair market value to be $3,500,000.

On December 28, 2005, the Assessor denied Dead River's abatement application. In response, petitioner, on behalf of Dead River, filed an appeal with the Board of Assessment Review (BOAR). Petitioner was also hired by Dead River to perform an appraisal report and act as an expert witness before the BOAR. Petitioner's appraisal report submitted to the BOAR concluded that the "just value" of the property was $3,885,000.

On May 9, 2006, the BOAR granted an abatement of $983,600, finding that Dead River had proven the property was substantially overvalued and that the original "assessment was manifestly wrong."

Subsequently, on May 26, 2006, Paul Linehan, on behalf of the Assessor, filed a complaint with the Board, alleging that petitioner had acted as an "advocate" for Dead River in the course of his appraisal services, and that petitioner's appraisal report submitted to the BOAR contained several USPAP violations. After an evidentiary hearing, the Board found that petitioner had committed two violations. First, the Board found that petitioner was subject to discipline for violating a USPAP Ethics Rule prohibiting an appraiser from advocating for a party or issue. See Me. Dep't of Professional and Fin. Regulation, 02 298 CMR 240.1; USPAP Ethics Rule, 2005 ed. at 7. Second, the Board found that petitioner was subject to discipline for violating a USPAP Rule requiring that any appraisal report "contain sufficient information to enable the intended users of the appraisal to understand the report properly." USPAP Standards

Rule 2-1(b), 2005 ed. at 22. Upon finding that petitioner committed these violations, the Board voted to take disciplinary action, issuing petitioner a formal "warning" and ordering him to pay $3,093.75 for hearing costs.

## Standard of Review

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. Centamore v. Dep't of Human Servs., 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." Seider v. Bd. of Exam'rs of Psychologists, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (Me. 2000) (citing CWCO, Inc. v. Superintendent of Ins., 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261 (Me. 1997)). The court will "not attempt to second-guess the agency on matters falling within its realm of expertise" and judicial review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." Imagineering, Inc. v. Superintendent of Ins., 593 A.2d 1050, 1053 (Me. 1991). "Inconsistent evidence will not render an agency decision unsupported." Seider, 2000 ME 206, ¶ 9, 762 A.2d at 555. The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. See Bischoff v. Bd. of Trustees, 661 A.2d 167, 170 (Me. 1995).

## Discussion

Petitioner first argues that the Board's conduct violated his constitutional and statutory rights. See U.S. Const. amend. XIV, § 1; Me. Const. art. I, § 6-A; Withrow v. Larkin, 421 U.S. 35, 46-47 (1975); Zegel v. Bd. of Soc. Worker Licensure, 2004 ME 31, ¶ 16, 843 A.2d 18, 22 (stating that an "administrative process may be infirm if it creates an

intolerable risk of bias or unfair advantage"). See also 5 M.R.S. § 9063(1) (2007) ("Hearings shall be conducted in an impartial manner."). Specifically, petitioner takes issue with several statements made by Bruce Bell, a member of the board, which petitioner contends demonstrate bias and impermissibly infected the board's neutrality.

Until shown otherwise, this court must assume members of the Board to be fair and capable. See In re Maine Clean Fuels, Inc., 310 A.2d 736, 751 (Me. 1973). Nevertheless, bias exists where evidence indicates that the decision-maker has "prejudged" the case. Cinderella Career & Finishing Schs., Inc. v. FTC, 425 F.2d 583, 589-92 (D.C. Cir. 1970). Here, although petitioner points to numerous statements made by Mr. Bell to suggest evidence of bias, petitioner concedes that all such statements were made *after* presentation of all the evidence. Read in context, these statements merely demonstrated Mr. Bell's opinion—based on evidence presented—that petitioner had committed certain USPAP violations.

Similarly without merit is petitioner's contention that the Board "reverse engineered" their decision to impose a "warning," rather than a "letter of guidance" to ensure petitioner paid costs. The Board is permitted by statute to impose costs upon "finding a *violation*." 10 M.R.S. § 8003-D (emphasis added). See also id. § 8003(5-A)(B). Thus, regardless of whether the Board issued the petitioner a "letter of guidance" or a "warning," costs were appropriate based upon the Board's determination that petitioner had violated provisions of USPAP. Moreover, the record contains ample evidence explaining the Board's decision to issue a "warning." (See Tr. at 251-60). C.f. Zegel, 2004 ME 31, ¶ 24, 843 A.2d at 24 (remanding decision due to agency's failure to articulate reasons for imposing sanctions).

The record also contains sufficient evidence to support the Board's finding that petitioner violated the USPAP provision prohibiting an appraiser from acting "as an

advocate for a party or issue." See USPAP Ethics Rule, 2005 ed. at 7. Petitioner argues that this finding is inconsistent with the Board's vote finding no violation of the USPAP provision requiring an appraiser to perform assignments with "impartiality." See id. Essentially, petitioner argues the Board's finding that petitioner was impartial necessarily precludes a consistent finding that petitioner acted as an advocate. Petitioner's contention, however, is premised upon a misinterpretation of the Board's decision. The Board did not, as petitioner argues, "vote[] that Mulready was impartial." (Pet'r Br. at 22.) Instead, the Board found that there "was not enough evidence to support" a finding that the petitioner violated the "impartiality" prong of the USPAP Rule. It does not follow, as petitioner contends, that the Board found petitioner was, in fact, impartial. The Board's findings in this respect are not contradictory and cannot be said to be clearly erroneous. See Nyer v. Maine Unemployment Ins. Comm'n, 601 A.2d 626, 627 (Me. 1992)

Finally, notwithstanding the Board's error in finding petitioner committed a USPAP violation by evaluating the property on an unencumbered fee simple basis,[1] and petitioner's timely correction of a calculation error before the BOAR, the record contains sufficient evidence to justify the Board's finding that petitioner's appraisal report did not contain "sufficient information to enable the intended users of the appraisal to understand the report properly." USPAP Standards Rule 2-1(b), 2005 ed. at 22.

---

[1] The State concedes that, in performing an appraisal of a Maine property for property tax purposes, a fee simple valuation—as petitioner utilized—is appropriate. See, e.g., Town of Sanford v. J & N Sanford Trust, 1997 ME 97, 694 A.2d 456.

The entry is:

The petition is DENIED and the decision of the Maine Board of Real Estate Appraisers is AFFIRMED.


March 9, 2009

Justice Joseph Jabar


Attorney For Petitioner
Scott Lynch
P O Box 116
Lewiston, ME 04330-5680

Attorney For Respondent
Andrew Black
Assistant Attorney general
6 State House Station
Augusta, ME 04330-0006

Date Filed ___2/6/08___ ___Kennebec___ Docket No. ___AP-08-9___
County

Action ___PETITION FOR REVIEW___

# J. JABAR

ROBERT J. MULREADY        vs. MAINE BOARD OF REAL ESTATE APPRAISERS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Scott Lynch, Esq.<br>PO Box 116<br>Lewiston Me 04243-0116 | Andrew L. Black, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 2/11/08 | Petition for review filed. /s/ Lynch, Esq., on 2/6/08. |
| 2/14/08 | Proof Of Service Upon Department Of Professional & Financial Regulation; Proof Of Service Upon City Of Bangor; Proof Of Service Upon Attorney General's Office; Proof Of Service Upon Paul C. Linehan, filed 2/12/08. (All certified mail receipts and cards)<br>s/Lynch, Esq. |
| 2/19/08 | Entry of Appearance, filed. s/Black, Esq. |
| 3/5/08 | Motion to enlarge the time for filing agency record pursuant to 5 M.R.S. 11005 s/ Black. |
| 3/27/08 | ORDER, Mills, J. (3/26/08)<br>Court grants the Respondent's Motion to enlarges the time within which the agency must file its complete record until March 28, 2008. No objection. Copy mailed to attorneys of record. |
| 3/28/08 | Motion to englarge time for filing agency record filed. s/Black, Esq. |
| 4/11/08 | Certification of Administrative Record, filed. s/Black, AAG **(in vault)** |
| 4/22/08 | **NOTICE AND BRIEFING SCHEDULE MAILED TO ATTYS. OF RECORD.** |
| 5/5/08 | ORDER, Jabar, J.<br>the Court hereby GRANTS the Respondent's Motion and enlarges the time within which the agency must file its complete record until April 11, 2008<br>Copies to attys. of record. |
| 5/21/08 | Brief of Robert Mulready, MCGA in support of his petition for judicial review of final agency action. Filed by Atty Lynch. |
| 6/19/08 | Motion to Extend Deadline to File Response Brief, filed. s/Black, AAG<br>Proposed Order, filed. |

| Date of Entry | Docket No. _____ |
|---|---|
| 7/7/08 | ORDER ON MOTION TO EXTEND TIME TO FILE BRIEF, Jabar, J.<br>Time extended to 6/30/08.<br>Copies mailed to attys of record. |
| 6/30/08 | Respondent's Brief, filed. s/Black, Esq. |
| 7/14/08 | Motion for Extension of Time, filed. s/Lynch, Esq. |
| 7/28/08 | Reply Brief of Robert Mulready in Support of Petition for Judicial Review, filed. s/Lynch, Esq. |
| | Notice of court   9/2/08<br>sent to attorneys |
| 8/22/08 | Motion for Continuance of Oral Argument, filed. s/Black, AAG |
| 8/26/08 | ORDER on Motion for Continuance of Oral Argument, Jabar, J. (8/25/08)<br>Motion is DENIED, but will be rescheduled for 8:30 a.m. on 9/2/08.<br>Copy mailed to attorneys of record. |
| 3/9/09 | DECISION AND ORDER, Jabar, J.<br>The petition is DENIED and the decision of the Maine Board of Real Estate Appraisers is AFFIRMED.<br>Copies to attys. of record.<br>Copies to Repositories |