STATE OF MAINE
KENNEBEC, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-39
*t ɹ ʌ̆ -ʍʟ̄ʍ 7/29/2013*

MATTHEW FERLISI,
    Petitioner

v.

DECISION

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,
    Respondent


Before the Court is Petitioner Matthew Ferlisi's Rule 80C Petition seeking

reconsideration of Maine Unemployment Insurance Commission Decision 12-C-06799, issued

September 5, 2012. In its Decision, the Commission denied Mr. Ferlisi benefits from May 27,

2012 to June 2, 2012, and established an overpayment in the amount of $366.00. Mr. Ferlisi now

appeals that finding, arguing that the Commission failed to consider the entirety of 26 M.R.S.A.

§ 1192(12).

Mr. Ferlisi worked as a construction project manager prior to becoming unemployed in

April 2012. He established an unemployment benefit year ending April 14, 2012, and he

received $366.00 for the week ending June 2, 2012. On May 23, 2012, the Bureau of

Unemployment Compensation (the "Bureau") mailed Mr. Ferlisi a letter informing him that he

was "scheduled to complete an eligibility review interview and workshop at one of our

CareerCenter service points during the week of 5/28/2012." The rest of the letter stated, in part,

as follows:

> In order to collect unemployment benefits, Maine law requires you to be able to
> work, available to work and actively seeking work each week for which you file
> an unemployment claim. Additionally, the Department is required to periodically
> conduct an eligibility review interview with you to ensure that you are satisfying
> these eligibility requirements. Therefore, CareerCenter staff will review your

1

work search activities and help you maximize your opportunities for finding new employment at a workshop described below.

. . .

It is very important that you attend this workshop and complete the eligibility review interview to ensure that your ability to collect unemployment benefits is not interrupted. Due to the amount of information covered in these workshops, promptness is important and late arrivers may be asked to reschedule. **If you are unable to attend the workshop during the week scheduled due to a job interview or work, please contact the CareerCenter to reschedule.**

**Please bring your completed "Work Search Log" and completed "Request for Work Search Log Questionnaire" to the workshop.** Please feel free to bring any other information you feel may be important to helping you return to work.

. . .

Mr. Ferlisi acknowledges that he received this notice one to two days after receiving a request for his work search logs.

Mr. Ferlisi was scheduled to attend an initial workshop at 8:30 AM on May 29, 2012, but did not appear at that time. Because he was working with two employment search companies (job recruiters), Mr. Ferlisi believed that he should be exempt from attending the workshop. Mr. Ferlisi called the Bureau on May 25, 2012, dialing the number provided in his May 23, 2012 letter, and left two voicemail messages with a staff member named Lisa. Mr. Ferlisi tried to explain that he was unable to participate in the workshop, and was confused regarding this requirement. He also sent this Lisa an email containing similar explanations and questions.

Despite his attempts to get in touch with Lisa at the Bureau, Mr. Ferlisi did not receive a return call or email, and eventually learned that he had been trying to contact the wrong person at the Bureau—there were two Lisas. Mr. Ferlisi did not attend the workshop for which he was

2

scheduled at 8:30 AM on May 29, 2012, but instead came to the CareerCenter at 11:30 AM to drop off his work search logs; he did not attend the workshop.[1]

In a June 27, 2012 decision, the deputy found Mr. Ferlisi ineligible for benefits for the week of May 27 to June 2, 2012 because he failed to attend the Reemployment and Eligibility Assessment Workshop, and also failed to provide good cause for this failure. Mr. Ferlisi then appealed to the Division of Administrative Hearings, which held a telephonic hearing on July 24, 2012. On July 27, 2012, the Hearing Officer issued a Decision affirming that of the deputy, *i.e.*, that the deputy properly denied Mr. Ferlisi benefits for the relevant week. Mr. Ferlisi then filed an appeal to the Commission, and on September 5, 2012, the Commission majority affirmed and adopted the Hearing Officer's Decision. Mr. Ferlisi's Rule 80C appeal brings this matter before the Court.

When the Court reviews a Decision of the Maine Unemployment Insurance Commission, its review "is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by competent evidence." *McPherson Timberlands v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. This standard of review "is identical to the 'clear error' standard used by the Law Court." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1207-08 (Me. 1982). The Court must not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." *Id*; *see also Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me. 1987). The Court must examine the entire record in order to determine whether the Commission could fairly and reasonably find the facts as it did. *See* 5 M.R.S.A. § 11007(4)(C)(5); *Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 552 (Me. 1985).

---

[1] At oral argument, counsel for the Respondent advised that Petitioner applied and attended the Workshop one week later and was awarded benefits.

3

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted); *see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 540 A.2d 475, 479 (Me. 1982). Additionally, the Court may not substitute its judgment for that of the agency simply because the evidence could give rise to more than one result. *See Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987); *Gulick*, 452 A.2d at 1209.

Mr. Ferlisi's primary argument appears to be that the Commission ignored a critical component of 26 M.R.S.A. § 1192(12), which reads, in full:

> The individual who has been referred to reemployment services, pursuant to a profiling system established by the commissioner, participates in those services or similar services unless it is determined that the individual has completed those services or there is good cause for the individual's failure to participate . . . .

(emphasis added). Mr. Ferlisi asserts that even though the Commission (and the underlying decisions) all found that he was properly denied benefits for failure to show "good cause," it should still have granted an exemption for his use of "similar services."

Mr. Ferlisi acknowledges that he did not request an exemption based on "good cause," but argues that his decision to work with private job recruiting services as opposed to the services offered through the Workshop qualifies as "similar services" that should entitle him to an exemption of the § 1192(12) requirement. Mr. Ferlisi's position is that the Legislature intended "similar services" to act as an alternative to "good cause" for failure to participate in the referred reemployment services. Despite the fact that the statute fails to define "similar services," Mr. Ferlisi believes that his consultation and collaboration with private reemployment services satisfies the statute's—and the Legislature's—intent.

4

In response, the Commission first elucidates the overall premise of § 1192 of the Employment Security Law, which provides, in part: "[a]n unemployed individual shall be eligible to receive benefits with respect to any week only if . . . he has made a claim for benefits with respect to such week or part thereof in accordance with such regulations as the commission may prescribe . . . ." 26 M.R.S.A. § 1192(1). Subsection (12) is directly tied to subsection (1) in that an unemployed individual cannot remain eligible to receive benefits if he or she has been referred to reemployment services and fails to participate absent a showing of "good cause"[2] or participation in "similar services.

It has been established that Mr. Ferlisi is unable to show "good cause" for his failure to attend the Workshop as the Commission reasonably concluded. What qualifies as "good cause" is a fairly exhaustive list, and Mr. Ferlisi does not—nor does he argue otherwise—assert that his reasons for missing the Workshop satisfy either the C.M.R. definition or § 1192(12). *See Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶¶ 22-24, 796 A.2d 683 (summarizing that "good cause" will be found only when a factor beyond the party's control prevents that party from otherwise complying with a requirement).

What remains for the Court to determine, then, is if Mr. Ferlisi's asserted "similar services" render him in compliance with § 1192(12). The Court is compelled to agree with the

---

[2] 26 M.R.S.A. § 1192(13) provides:

> For purposes of subsections 2, 3, 12 and 13, "good cause" means the unemployed individual is ill; the presence of the unemployed individual is required due to an illness of the unemployed individual's spouse, children, parents, stepparents, brothers or sisters, or relatives who have been acting in the capacity of a parent of either the unemployed individual or the unemployed individual's spouse; the unemployed individual is in attendance at the funeral of such a relative; the unemployed individual is observing a religious holiday as required by religious conviction; the unemployed individual is performing either a military or civil duty as required by law; or other cause of a necessitous and compelling nature, including child care emergencies and transportation emergencies. "Good cause" does not include incarceration as a result of a conviction for a felony or misdemeanor.

Additionally, "good cause" is similarly defined by the Rules Governing the Administration of the Employment Security Law (the "Rules"). *See* 12-172 C.M.R. ch. 1.1(T) (2013).

5

Commission; it cannot find that Mr. Ferlisi's assertion of "similar services" qualifies as such is dictated by the statute. That Mr. Ferlisi declares for himself that the private job recruiting services of which he availed himself constitutes the use of "similar services" does not appear to have a basis in law. The Commission is the entity charged with executing its own rules.[3]

For the reasons stated herein, the entry will be:

The petition for judicial review is DISMISSED.

Clerk may docket by reference.

Dated: July 29, 2013

JUSTICE, SUPERIOR COURT

---

[3] The court has not been provided any Commission decisions or case law that addresses the term "similar services."

6

| Date Filed | 9/27/12 | Kennebec County | Docket No. AP-12-39 | F |

Action: <u>Petition for Review</u>
      80C

**J. Marden**

| Matthew A. Ferlisi | vs. | Unemployment Insurance Commission |

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| Matthew Ferlisi, Pro Se<br>PO Box 815<br>Pineville, NC 28134 | Elizabeth Wyman, AAG<br>6 State House Station<br>Augusta, ME 04333-0006 |

Date of Entry

| 9/27/12 | Petition for Review, filed. s/Ferlisi, Pro Se |
| --- | --- |
| 10/4/12 | Letter entering appearance, filed. s/Wyman, AAG |
| 11/6/12 | Administrative Record, filed. s/Wyman, AAG |
| 1/16/13 | Notice and Briefing Scheduled issued.<br>Copy to Petitioner and AAG Wyman |
| 1/31/13 | Petitioner's Brief, filed. s/Ferlisi, Pro Se |
| 3/28/13 | Brief of Respondent Maine Unemployment Insurance Commission, filed. s/Wyman, AAG |
| 7/9/13 | Oral argument scheduled for July 24, 2013 at 10:00.<br>Notice to Petitioner and AAG Wyman |
| 7/24/13 | Oral argument not held, no appearance by Petitioner.<br>J. Marden presiding. Appearance by AAG Wyman.<br>Tape 1737, Index 2726-2911<br>Under advisement. |
| 7/30/13 | DECISION, Marden, J. (7/29/13)<br>The petition for judicial review is DISMISSED.<br>Copy to Petitioner and AAG Wyman.<br>Copy to repositories. |
| 7/30/13 | Notice of removal of Record mailed to AAG Wyman. |