STATE OF MAINE
YORK, SS.

JULIE M. PANKEY,

Petitioner,

v.

MAINE UNEMPLOYMENT
INSURANCE COMISSION

Respondent.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-12-51,
JON - YOR - 10/8/2013

ORDER

I.     Background

Claimant worked in the spa industry for twenty years before her job ended. She established an unemployment claim with a benefit year ending November 11, 2012. Claimant attended a workshop at a career center run by the Maine Department of Labor in December 2011. At the workshop, the representative spoke about self-employment. Claimant attests that she asked the representative about starting a consultant business, and specifically, if she could collect unemployment benefits if she was self-employed. The representative confirmed that she could. Claimant also asked how she would report income were she self-employed. Claimant alleges that the representative told her that she would be able to collect benefits as long as the business was not profitable.

Claimant subsequently called the Bureau of Unemployment. She alleges that she asked the representative if she could start a business and collect unemployment benefits. The representative told her that she could. Claimant asked the representative when she needed to report income. Claimant understood the representative to have stated that she would not have to report income until the business was profitable, meaning that accounts

1

receivable exceeded accounts payable. Claimant understood from this information that she could start her business.

Claimant established a consulting business based on her experience in the spa industry. She gave a list of her clients to a company that sells spa products with the agreement that Claimant would receive 10% of their sales. Claimant also provided direct consulting to some clients and charged consulting fees. At the end of January 2012, Claimant's company received its first payment.

Claimant submitted an unemployment claim card for each week. All claim cards ask claimants to disclose whether they have worked that week. Each week Claimant turned in a claim card with a box checked stating that she had not worked that week. The deputy hearing officer for the bureau of unemployment aggregated Claimant's income by month and found that Claimant received the following income:

| | |
|---|---|
| January 2012 | $555.32 |
| February 2012 | $573.84 |
| March 2012 | $797.24 |
| April 2012 | $1090.98 |
| May 2012 | $2329.84 |

A telephonic hearing was held on July 25 and 26, 2012 pursuant to 26 M.R.S. 1194(3) and 1084(4-A). The deputy found an overpayment of $4,429.00 for the weeks of January 7, 2012 through June 2, 2012. Claimant appealed to the Maine Unemployment Insurance Commission on August 10, 2012. On August 22, 2012, the Commission affirmed and adopted the decision of the deputy. On September 5, 2012, Claimant submitted the following list of dates when she received payments for her company:

| | |
|---|---|
| January 4, 2012 | $48.42 |
| January 13, 2012 | $172.72 |
| February 3, 2012 | $239.60 |
| February14, 2012 | $310.22 |

2

| February 28, 2012 | $296.07 |
| March 11, 2012 | $267.02 |
| March 29, 2012 | $393.62 |
| April 9, 2012 | $373.23 |
| April 10, 2012 | $70.00 |
| April 24, 2012 | $328.93 |
| April 30, 2012 | $334.00 |
| May 1, 2012 | $300.00 (payment received in August) |
| May 4, 2012 | $37.43 (payment received in July) |
| May 8, 2012 | $336.58 |
| May 18, 2012 | $219.06 |
| May 22, 2012 | $449.10 (payment received in July) |
| May 22, 2012 | $998.50 (payment received in July) |

The Commission again affirmed and adopted the decision of the deputy hearing officer. Claimant now appeals the decision to the Superior Court.

## II. Standard of Review

When the court reviews a decision of the Maine Unemployment Insurance Commission, its review "is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by competent evidence." *McPherson Timberlands v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. This standard of review "is identical to the 'clear error' standard used by the Law Court." *Gulick v. Bd. of Envtl. Prot.*, 452 A.2d 1202, 1207-08 (Me. 1982). The court must not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." *Id; see also Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me. 1987). The court must examine the entire record in order to determine whether the Commission could fairly and reasonably find the facts as it did. *See* 5 M.R.S.A. § 11007(4)(C)(5); *Clarke v. Maine Unemployment Ins. Comm'n*, 491 A.2d 549, 552 (Me. 1985).

3

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 170 (Me. 1995) (citation omitted); *see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n*, 540 A.2d 475, 479 (Me. 1982). Additionally, the court may not substitute its judgment for that of the agency simply because the evidence could give rise to more than one result. *See Dodd v. Sec'y of State*, 526 A.2d 583, 584 (Me. 1987); *Gulick*, 452 A.2d at 1209.

III.    Discussion

    a.    Calculation

Claimant challenges the method by which the Commission determined Claimant's weekly wages. The statute states that an individual is totally unemployed in any week in which no wages are paid to that individual and the individual does not perform any services. 26 M.R.S. 1043(17) (2012). An individual is partially unemployed in any week that the individual works less than full-time and earns not more than $5 in excess of the weekly benefit amount the individual would receive were she totally unemployed. *Id.*

The Commission's decision summarized the Claimant's monthly earnings and divided the total among the weeks within that month. Claimant alleges that while none of her earnings exceeded her costs, she did have an influx of revenue on certain weeks and no revenue in others. She argues that the Commission should not have aggregated her earnings by month and then divided the amounts into weekly averages, but should have found her partially unemployed for those weeks her earnings did not exceed the unemployment amount and totally unemployed for the weeks in which she did not earn anything. Claimant argues that the Commission's finding that Claimant was partially

4

unemployed for all weeks resulted in a finding of a much larger overpayment than had she only been found partially unemployed on those weeks her business had received payment.

While Claimant may not have received payment for services every week, Claimant was performing services in furtherance of her business each week. There is sufficient evidence to support the Commission's finding that Claimant was partially unemployed for the entire period cited because Claimant worked throughout the time in question. Because the fees were earned over time, even if they were not consistently paid each week, the Commission had sufficient evidence to find that the fees should be summarized.

b. Estoppel

Claimant challenges the Commission's finding that the doctrine of equitable estoppel does not apply. Equitable estoppel may be applied to governmental agencies in Maine. *F.S. Plummer Co. Inc. v. Town of Cape Elizabeth*, 612 A.2d 856, 860 (Me. 1992); *Maine School Admin. Dist. No. 15 v. Raynolds*, 413 A.2d 523, 533 (Me.1980)."To prove equitable estoppel against a governmental entity, the party asserting it must demonstrate that (1) the statements or conduct of the governmental official or agency induced the party to act; (2) the reliance was detrimental; and (3) the reliance was reasonable." *Dep't of Health & Human Servs. v. Pelletier*, 2009 ME 11, 964 A.2d 630, 635.

Claimant argues the record compels a contrary result from that determined by the Commission because she has proven all of the elements of equitable estoppel. Claimant alleges that not only did she have a conversation on reporting earnings of a personal business at a career workshop hosted by the Maine Department of Labor, but she also

5

called the Maine Department of Labor, Bureau of Unemployment Compensation and asked about whether she could start a business and collect unemployment. Claimant alleges that she would not have proceeded to start a business and claim unemployment benefits had she not been advised by both the representative at the workshop and the representative she spoke to over the phone that doing so was permissible. Claimant alleges that she reasonably relied on the advice of the representatives of the Maine Department of Labor after specifically asking whether she could start a business and claim benefits and when she would need to report earnings. Claimant alleges that she was damaged by her reliance because the Commission has ordered her to pay back $4,429.00 of the benefits received. The Attorneys General argue that the Commission's decision is supported by the record because statements made by the representatives to the Claimant were responses to posed hypothetical situations and not specific enough to be misrepresentations on which Claimant could reasonably rely.

The court finds that there is sufficient evidence in the record to support the Commission's finding that estoppel does not apply. Claimant's questions were too hypothetical for her to reasonably rely upon their answers. Claimant spoke with representatives of the Bureau of Maine Unemployment Compensation before beginning her business and did not ask for guidance thereafter.[1] There may have been a misunderstanding concerning how the advice should be used, however, a

---

[1] The court notes that Claimant did understand that she had sought guidance from the Bureau of Maine Unemployment Compensation on whether she could begin a business and claim unemployment benefits. However, Claimant did not continue to seek guidance. Each week Claimant filled out a claim card stating that she had not worked without specific reliable advice that the card should be filled out in that manner. The court finds that these actions do not support reasonable reliance.

6

"misunderstanding will not support application of equitable estoppel." <u>Anderson v.</u>

<u>Comm'r of Dep't of Human Servs.,</u> 489 A.2d 1094, 1099 (Me. 1985).

    IV.    Conclusion

        The Court AFFIRMS the decision of the Commission.

DATE:    10/8/13

                                                          John O'Neil, Jr.
                                                          Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
JULIE M. PANKEY, PRO-SE
PO BOX 66
NORTH BERWICK, ME 03906

ATTORNEY FOR DEFENDANT:
ELIZABETH J. WYMAN, AAG
STATE OF MAINE
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA, ME 04333-0006