Me ✓

STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, SS.                         CIVIL ACTION
                                        DOCKET NO. AP-13-45,
DAVID J. MASON,              )          ᒍᎯᗯ-CᑌᗰᲠ ᗩ/ᗩ�6/ᗩO14
                            )
            Petitioner,     )
    v.                      )
                            )          ORDER
MAINE UNEMPLOYMENT           )
INSURANCE COMISSION          )
                            )
            Respondent.     )

Cumb... ...ice
FEB 2 6 ...
RECEIVED

Petitioner David J. Mason appeals his denial of unemployment benefits.

I.      Background

Petitioner became a teacher in 1976. He worked as a teacher for Employer, RSU 5, in Freeport, ME from September 1995 to January 4, 2013. Petitioner generally worked a 35-hour workweek and earned $299.87 per school day.

In 2009, Petitioner's supervisor spoke to him about how his use of the word "jackass" in the classroom was inappropriate and other inappropriate language.

On February 8, 2012, Petitioner taught seventh grade social studies. Petitioner was speaking to his students about completing their work. Petitioner became frustrated. Petitioner stated that he was so frustrated that he could go up on the roof with an M-16 and start shooting. Petitioner states that it was a momentary lapse in judgment, he takes accountability for his statement, and he greatly regrets it.

On February 9, 2012, the Employer took Petitioner out of the classroom and placed him on administrative leave. At some point thereafter, Employer's attorney, acting on behalf of Employer, informed Petitioner that he would not be able to keep his job, and requested Petitioner's resignation. Employer's attorney told Petitioner that his last day of work would be

1

January 4, 2013. Petitioner did not want to end his job. However, relying upon that statement by Employer's attorney, Petitioner gave his letter of resignation.

## II. Standard of Review

When the Court reviews a decision of the Maine Unemployment Insurance Commission, its review "is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by competent evidence." McPherson Timberlands v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818. This standard of review "is identical to the 'clear error' standard used by the Law Court." Gulick v. Bd. of Envtl. Prot., 452 A.2d 1202, 1207-08 (Me. 1982). The Court must not disturb the decision of the Commission "unless the record before the Commission compels a contrary result." Id; see also Gerber Dental Ctr. v. Maine Unemployment Ins. Comm'n, 531 A.2d 1262, 1263 (Me. 1987). The Court must examine the entire record in order to determine whether the Commission could fairly and reasonably find the facts as it did. See 5 M.R.S.A. § 11007(4)(C)(5); Clarke v. Maine Unemployment Ins. Comm'n, 491 A.2d 549, 552 (Me. 1985).

The burden of proof is on the petitioner to prove that "no competent evidence supports the [agency's] decision and that the record compels a contrary conclusion." Bischoff v. Maine State Ret. Sys., 661 A.2d 167, 170 (Me. 1995) (citation omitted); see also Seven Islands Land Co. v. Maine Land Use Regulatory Comm'n, 540 A.2d 475, 479 (Me. 1982). Additionally, the Court may not substitute its judgment for that of the agency simply because the evidence could give rise to more than one result. See Dodd v. Sec'y of State, 526 A.2d 583, 584 (Me. 1987); Gulick, 452 A.2d at 1209.

2

## III. Discussion

An individual is disqualified from the receipt of unemployment benefits if the individual voluntarily left employment without good cause attributable to the employer. 26 M.R.S. 1193(1)(A). "[A]n individual leaves work 'voluntarily' only when freely making an affirmative choice to do so." Brousseau v. Maine Employment Sec. Comm'n, 470 A.2d 327, 330 (Me. 1984). In this case, Petitioner was compelled to leave employment after being told by Employer's attorney that he would be let go if he did not resign. Because Petitioner was told there was no way that he would be able to keep his job, the Court affirms the finding of the Commission that Petitioner did not leave his employment voluntarily.

Petitioner appeals the decision of the Commission finding that he was discharged for "misconduct" and is therefore disqualified from receiving unemployment benefits. Petitioner contends that the incident on February 8, 2012, was an isolated momentary lapse in judgment and therefore falls into the statutory exception to "misconduct".

An individual is temporarily disqualified from receiving unemployment benefits if "he has been discharged for misconduct connected with his work." "Misconduct" is defined by statute as: "a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer." 26 M.R.S. § 1043(26). "Misconduct" is presumed where the employer can show the petitioner repeatedly failed to perform job duties, or follow reasonable rules that were either set out by the employer or which should have reasonably been presumed to exist. 26 M.R.S. § 1043(26)(A)(1-3). "Misconduct" may not be found to exist on the basis of an isolated error in judgment or failure to perform satisfactorily when the petitioner made a good faith effort to perform.

3

Petitioner argues that the statement he made in the classroom on February 8, 2012, was an isolated error in judgment and therefore cannot be the grounds for a finding of misconduct. The Commission found that the statement was not an isolated incident. In 2009, Petitioner's supervisor spoke with Petitioner about saying inappropriate things in the classroom. There is competent evidence that Petitioner had a history of speaking without thinking and that he was working on not being impetuous and occasionally inappropriate. During the 2009 conversation with Petitioner's supervisor, they talked about his being more mindful of statements made in front of students. In light of Petitioner's recognition that he had made inappropriate statements in the classroom in the past and the conversation with his supervisor in 2009, the Court finds that it was not unreasonable for the Commission to find that the February 8, 2012 incident was not an isolated incident. There is sufficient evidence in the record for the Commission to find at least two incidents in which Petitioner's lapse in judgment led to class disruption. Therefore, the Court defers to the decision of the Commission, and finds that Petitioner's behavior rose to the level of misconduct according to 26 M.R.S. § 1043(26) by repeatedly failing to follow reasonable rules concerning appropriate teacher conduct.

IV.    Conclusion

The Court Affirms the decision of the Maine Unemployment Insurance Commission.

Date:   February 26, 2014

_____
Joyce Wheeler
Justice, Superior Court

David Mason-Sanford Roberts Esq
UIC-Elizabeth Wyman AAG

4