STATE OF MAINE                                                    SUPERIOR COURT
KENNEBEC, SS.                                                     CIVIL ACTION
                                                                 DOCKET NO. AP 15-16

BRIGGS & WHOLEY, LLC,
        Petitioner

                    v.                          ORDER

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,
        Respondent

Petitioner Briggs & Wholey, LLC filed a M.R. Civ. P. 80C appeal from the

decision of the State of Maine Unemployment Insurance Commission

("Commission") affirming and adopting a decision of the Division of Administrative

Hearings that the claimant, Corrine C. Tozier, was entitled to unemployment

benefits and that the employer's experience rating should be charged. For the

reasons discussed below, the Court affirms the Commission's Decision and denies

Petitioner's appeal.

The Claimant worked as an office manager for the Petitioner, a two-attorney

law firm, since its formation as a LLC in approximately 2010. At the time of

Claimant's dismissal, the two attorneys working at Petitioner were C. Donald Briggs,

III and Alison Wholey Briggs. Mr. Briggs was the senior attorney in the practice and

was one of the Claimant's direct supervisors along with Ms. Wholey Briggs. Mr.

Briggs passed away on September 7, 2014. As a result of Mr. Briggs' passing, the

Claimant's position was eliminated because the position was no longer needed or

financially feasible. The Claimant was not terminated on account of misconduct.

1

Claimant's final rate of pay was $27.30 per hour. Following the termination of Claimant's position, Petitioner offered her a new position as a part-time filing clerk at an hourly rate of $16.00. Claimant considered, but ultimately declined this offer. Claimant's final day of work was October 31, 2014.

Following her termination, the Claimant applied for unemployment benefits. The Bureau of Unemployment Compensation found that the Claimant had been laid off due to lack of work on November 2, 2014. The Bureau also noted that the employer's experience rating would be charged. Petitioner filed an appeal with the Division of Administrative Hearings, which held a hearing on December 30, 2014. On December 31, 2014, the Division of Administrative Hearings issued a decision affirming the prior ruling. The Hearing Officer found that the Claimant was discharged, but not for misconduct, and was therefore allowed unemployment benefits if otherwise qualified and eligible. The Hearing Officer also concluded that Petitioner's experience rating will be chargeable pursuant to 26 M.R.S. § 1221(3)(A) and that he lacked jurisdiction to set aside the requirements of the Employment Security Law. Petitioner appealed this decision and, on February 10, 2015, the Commission unanimously affirmed and adopted the Hearing Officer's Decision.

In reviewing decisions of the Maine Unemployment Insurance Commission, the Court's review is "limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *See McPherson v. Maine Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818. The Court will not disturb a decision of the Commission "unless the record before the Commission compels a contrary result." *Id.*; *see also Gerber Dental*

2

*Center v. Maine Unemployment Ins. Comm'n*, 531 A.2d 1262, 1263 (Me. 1987). "The burden of proof clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982) (citation omitted).

Petitioner does not challenge the factual findings of the Commission. Instead, Petitioner asserts that the Commission erred by granting the Claimant benefits and, essentially, penalizing a small business due to Mr. Briggs' passing. Petitioner argues that one of the two purposes of the Employment Security Act is to avoid assessing an employer for circumstances that are essentially beyond its control. (citing *Therrien v. Maine Employment Security Comm'n*, 370 A.2d 1385, 1389 (Me. 1977).) In the present case, Petitioner contends that the Commission's Decision does exactly this as it forces Petitioner, which has lost a crucial partner and source of income, to make additional employment contributions. Given the purpose of the Employment Security Act and the unfortunate circumstances presented in this case, Petitioner argues that the Court should read 26 M.R.S. § 1221 as not requiring unemployment benefits paid as the result of an act of God—such as Mr. Briggs' passing—to be charged to the employer. Petitioner supports this argument by pointing out that the Court can "ignore the literal meaning of phrases if that meaning thwarts the clear legislative objective" and may "read exclusions into a statute when to do otherwise would render the statute entirely at odds with its history and apparent intent." (quoting, respectively, *Doe v. Regional Sch. Unit 26*, 2014 ME 11, ¶ 15, 68 A.3d 600 and *Dickau v. Vermont Mut. Ins. Co.*, 2014 ME 158, ¶ 21, 107 A.3d 621).)

3

Respondent counters that the Commission properly found Claimant was entitled to benefits and that the benefits should be charged to Petitioner's experience rating. First, Respondent points out that Petitioner does not challenge the finding that Claimant was entitled to unemployment benefits because she was terminated due to economic reasons, not for misconduct. Second, Respondent explains that there is no exception for exempting charges against an employer's experience rating record in 26 M.R.S. § 1221 due to catastrophic events or acts of God. Respondent further argues that Petitioner's reliance on *Therrien* is misplaced as that case found Section 1221 assessments to an employer are not warranted where the situation is beyond the employer's control *and* substantially within the unconstrained discretion of the employee (quoting *Therrien*, 370 A.2d at 1389.) (emphasis supplied) .Given this important distinction, Respondent argues that the Hearing Officer and Commission properly found that the agency lacks the authority to create an additional exception for acts of God and catastrophic events. Finally, Respondent argues that the Commission's Decision is consistent with fundamental rules of statutory interpretation and wholly consistent with the purposes of the Employment Security Act. Petitioner did not reply to Respondent's opposition.

"The Maine Employment Security Law is a remedial statute and must be construed liberally for the purpose of accomplishing its objectives which are the stabilization of economic conditions and the amelioration of the effect of unemployment on the worker." *Cornwall Industries, Inc. v. Maine Dep't of Manpower Affairs*, 351 A.2d 546, 552 (Me. 1976) (citation omitted). "These two purposes, however, are not co-equal and later cases have so emphasized the latter objective

4

that we now believe the primary objective of the Employment Security Act to be the alleviation, through the creation of an unemployment insurance fund, of economic hardship incident to unemployment." *Id.* (citations omitted).

This interpretation is supported by the plain language of the Employment Security Law, which explains that the policy behind the Act is to spread and lighten the burden that may fall upon the unemployed worker, his family and the entire community. 26 M.R.S. § 1042.[1] This policy is carried out by, among other things, the "systematic accumulation of funds during periods of unemployment from which benefits may be paid for periods of unemployment...." *Id.* "The principal source of unemployment benefits is contributions from the employer who is obliged to pay a percentage of his or her annual payroll as specified in 26 M.R.S.A. § 1221." *Cornwall Industries, Inc. v. Maine Dep't of Manpower Affairs*, 351 A.2d 546, 549 (Me. 1976). Under 26 M.R.S. § 1221, the Commission establishes and maintains an experience rating record for an employer. 26 M.R.S. § 1221(3). The experience rating is "an actuarial prediction of the risks of future unemployment created by an employer[.]"

---

[1] 26 M.R.S. § 1042 reads, in full:
> Economic insecurity due to unemployment is a serious menace to the health, morals and welfare of the people of this State. Unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which may fall upon the unemployed worker, his family and the entire community. The achievement of social security requires protection against this greatest hazard of our economic life. This objective can be furthered by operating free public employment offices in affiliation with a nation-wide system of public employment services; by devising appropriate methods for reducing the volume of unemployment; and by the systematic accumulation of funds during periods of employment from which benefits may be paid for periods of unemployment, thus maintaining purchasing power, promoting the use of the highest skills of unemployed workers and limiting the serious social consequences of unemployment.

*Cornwall Industries, Inc.*, 351 A.2d at 552. In most instances, benefits paid to a claimant "must be charged against the experience rating record of the claimant's most recent subject employer," or to the General Fund if the employer no longer actively pays into the fund. 26 M.R.S. § 1221(3)(A). The Legislature, however, created a number of specific exceptions for which the charge is made to the General Fund instead of the employer. 26 M.R.S. § 1221(3)(A)(1)-(8). There is no exception for catastrophic events or acts of God.

When interpreting a statute, the court's "single goal is to give effect to the Legislature's intent in enacting the statute." *Dickau v. Vermont Mut. Ins. Co.*, 2014 ME 158, ¶ 19, 107 A.3d 621 (citation omitted). In carrying out this interpretation, the court first looks to the language of the statute to determine if it is plain and unambiguous. *Id.* The plain language of a statute is interpreted by taking into account the subject matter and purposes of the statute as well as the consequences of a particular interpretation. *Id.* at ¶ 21. In determining a statute's practical operation and potential consequences, the Court may reject any construction that is inimical to the public interest or creates absurd, illogical, unreasonable, inconsistent, or anomalous results if an alternative interpretation avoids such results. *Id.* The Court may also "read exclusions into a statute when to do otherwise would render the statute entirely at odds with its history and apparent intent." *Id.* at ¶ 21 (quotation omitted).

Here, the Court affirms the Commission's Decision because it properly interpreted and applied the Employment Security Act. In drafting 26 M.R.S. § 1221, the Legislature required the establishment and maintenance of an experience rating

6

record. 26 M.R.S. § 1221(3)(A). Benefits paid to an eligible individual "must be charged against the experience rating record" of the employer subject to certain exceptions enumerated by the Legislature. 26 M.R.S. § 1221(3)(A), (C-1).

Furthermore, although Petitioner's position is understandable and worthy of sympathy, refusing to read an exclusion for acts of God or catastrophic events into section 1221(3) is not warranted because it does not render the statute entirely at odds with its history and apparent intent. *Dickau*, 2014 ME 158, ¶ 21, 107 A.3d 621. This is because the Act is focused on affording "some economic relief to workers who have become unemployed, on the premise that economic insecurity from unemployment is a menace to the people's health, morals and welfare." *Therrien*, 370 A.2d at 1389 (citing 26 M.R.S. § 1042). In other words, the Act is designed to safeguard employees, not employers. While the Act does provide certain protections to employers, the specific protection relied upon by Petitioner, and enumerated in *Therrien*, exempts charges to an employer's experience rating record when the assessment would be based on "employees' conduct that is essentially beyond [the employer's] control and substantially within the unconstrained discretion of [the] employees." *Id.* In this case, Mr. Briggs' passing was not within the discretion of the Claimant.[2] Accordingly, the Court finds that charging the benefits to the Petitioner's experience rating record in the present circumstances is not contrary to the purpose of section 1221 or the Employment Security Act.

The entry will be:

---

[2] The court does not find that declining to accept a position inferior to the terminated position at a wage $11.30 less per hour is reasonably "substantially within the unconstrained discretion of the employee".

7

The Commission's Decision of February 10, 2015 is AFFIRMED; the Petition is DENIED.

Clerk may docket by reference.

September 2, 2015

JUSTICE, SUPERIOR COURT

Action: <u>Petition for Review</u>
        80C

# J. Marden

Briggs and Wholey, LLC                    vs.                    Unemployment Insurance Cmsn

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Margaret Machaiek, Esq.<br>477 Commercial Street<br>Rockport, ME  04856-4455 | Nancy Macirowski, AAG<br>6 State House Station<br>Augusta, ME  04333 |

Date of Entry

| | |
|---|---|
| 3/17/15 | Petition for Review of Final Decision of the Unemployment Insurance Commission, filed 3/16/15.  s/Machaiek, Esq. |
| 3/25/15 | Entry of Appearance for Maine Unemployment Insurance, filed (3/23/15). s/Macirowski, AAG |
| 4/17/15 | Administrative Record, filed 4/16/15.  s/Macirowski, AAG |
| 4/17/15 | Notice and Briefing Schedule issued.<br>Copy to Atty Machaiek and AAG Macirowski |
| 5/28/15 | Brief of Petitioner/Employer, filed 5/26/15. |
| 7/1/15 | Brief of Respondent Maine Unemployment Insurance Commission, filed 6/22/15. s/Macirowski, AAG |
| 7/22/15 | Oral argument scheduled 8/11/15 at 10:30 a.m.<br>Notice of Hearing sent to parties on 7/17/15. |
| 8/20/15 | Oral argument not held on 8/11/15.  To be rescheduled. |
| 8/20/15 | Oral argument scheduled 8/27/15 at 8:00.<br>Notice of Hearing sent to Atty Machaiek and AAG Macirowski |
| 9/3/15 | Oral argument held 8/27/15, J. Marden presiding.<br>Atty Machaiek and AAG Macirowski appeared.<br>Under advisement. |
| 9/3/15 | ORDER, Marden, J.  (9/2/15)<br>The Commission's Decision of February 20, 2015 is AFFIRMED; the Petition is DENIED.<br>Copy to Atty machaiek and AAG Macirowski<br>Copy to Repositories |
| 9/3/15 | Notice of Removal of Record sent to AAG Macirowski |